UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
———————————————————————————————

JOANN R. KOZAK
122 N. Ogden Street
Buffalo, New York 14206                                    **COMPLAINT**

                              Plaintiff,                   Civ. No.

            v.

OFFICE DEPOT, INC.
6600 N. Military Trail
Boca Raton, Florida 33496

                       Defendant.
———————————————————————————————

        Plaintiff, JOANN R. KOZAK, by and through her attorneys, GRECO TRAPP,

PLLC, for her Complaint against the Defendant, OFFICE DEPOT, INC., respectfully states:

                        **JURISDICTION AND VENUE**

        1.      This action is authorized by and instituted under the Title VII of the Civil

Rights Act of 1964, as amended 42 U.S.C. § 2000e *et. seq.*, the Age Discrimination in

Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* (hereinafter "ADEA"), and Title

I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, *et seq.*, as amended

by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA). Plaintiff invokes

the jurisdiction of this Court pursuant to U.S.C. §§ 1331, 1337, and 1343 (4). The matter in

controversy arises under an Act of Congress regulating commerce and relating to sex, age, and

disability discrimination and it exceeds the sum and value of $10,000.

        2.      The venue of this action is properly placed in the Western District of New

York pursuant to 28 U.S.C. § 1391. Plaintiff, JOANN R. KOZAK, resides in this District. Upon

information and belief, Defendant, OFFICE DEPOT, INC, was and still is doing business in this

District, and a substantial part of the events giving rise to Plaintiff, JOANN R. KOZAK's claims

occurred in this District.

## PARTIES

3.      Plaintiff, JOANN R. KOZAK, is a female citizen of the United States of

America and resides in the City of Buffalo, County of Erie, and State of New York.

4.      At all relevant times, Plaintiff, JOANN R. KOZAK (hereinafter MS.

KOZAK), was an "employee" as defined in § 701(f) of Title VII of the Civil Rights Act of 1964,

as amended 42 U.S.C. § 2000e(f), as defined in §11(f) of the ADEA, 29 U.S.C. §630(f), and as

defined in §12111(4) of the ADAAA.  She was also an "employee" as defined in the New York

State Human Rights Law, Executive Law § 290 *et seq.*

5.      Upon information and belief, Defendant, OFFICE DEPOT, INC.

(hereinafter OFFICE DEPOT) is a foreign corporation with a principle place of business at 6600

N. Military Trail, Boca Raton, Florida and is duly licensed to do business in New York.  At all

times herein relevant, OFFICE DEPOT maintained a place of business at 2642 Delaware

Avenue, Buffalo, New York 14207.

6.      At all relevant times, OFFICE DEPOT was and still is an "employer" as

defined in § 701(b) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §

2000e(b), as defined in §11(b) of the ADEA 29 U.S.C. §630(b), as defined in §12111(5) of the

ADAAA, and as defined in the New York State Human Rights Law, Executive Law § 290 et seq.

7.      OFFICE DEPOT has continuously been engaged in an industry affecting

commerce within the meaning of § 701(h) of Title VII of the Civil Rights of 1964, 42 U.S.C. §

2000-e(h) et seq., §11(b) of the ADEA, 29 U.S.C. §630(b), and ADA §101(5), 42 U.S.C. § 12111(5).

## STATEMENT OF FACTS

8.     MS. KOZAK is a female whose date of birth is July 19, 1960.

9.     Upon information and belief, OFFICE DEPOT is an office supply retailer with stores throughout the United States.

10.     In or about November, 2002, MS. KOZAK commenced her employment with OFFICE DEPOT, as a store associate.

11.     In or about April, 2011, MS. KOZAK was promoted to Assistant Store Manager.

12.     In December, 2012, MS. KOZAK was promoted to store manager at the OFFICE DEPOT Store #3307, located at 2352 Delaware Avenue in the City of Buffalo.

13.     Throughout her employment, she performed her job duties and responsibilities in a satisfactory manner.

14.     On or about February 28, 2013, MS. KOZAK, while discussing her annual review with her District Manager, Thomas Shea, asked to receive training regarding company financial reports such as profit/loss statements since she had never before received such training and no on-line training existed for reviewing, analyzing or preparing such financial reports.  Mr. Shea denied her request, stating that he did not require her to review, analyze or discuss such reports.

15.     Younger management employees and new hires were allowed to attend the Manager Training Program.  In or about 2012 OFFICE DEPOT Store #673 Assistant Manager Jerome Hodges, approximately 43 years old, attended the Manager Training Program in Boca

Raton, Florida.  MS. KOZAK and Mr. Hodges were both Assistant Managers at OFFICE

DEPOT Store #673 at the time Mr. Hodges attended the Manager Training Program.

16.     In or about February, 2013, OFFICE DEPOT and OfficeMax, another

office supply retailer with stores throughout the United States, agreed to a merger in which

OfficeMax would become a wholly owned subsidiary of OFFICE DEPOT.  This merger was

completed in or around November, 2013.

17.     As a result of this merger, OFFICE DEPOT announced that it would be

closing OFFICE DEPOT Store #3307, the store at which MS. KOZAK was the store manager.

This closing was to take place in November, 2014.

18.     In or about March, 2014, Scott McGovern became the District Manager of

District 217 for OFFICE DEPOT.  District 217 encompassed the Western New York area,

including OFFICE DEPOT Store #3307.  As such, Mr. McGovern became the direct supervisor

for MS. KOZAK.

19.     Beginning in October, 2014, Mr. McGovern began to sexually harass MS.

KOZAK.

20.     Mr. McGovern, on a visit to OFFICE DEPOT Store #3307 in October

2014, touched MS. KOZAK on her neck, shoulders, back, bra straps, and bra clasps, asking her

if she wanted to manage OfficeMax Store #6502 being taken over by OFFICE DEPOT, located

at 2642 Delaware Avenue in the City of Buffalo.

21.     Several days after that happened, MS. KOZAK's Assistant Manager,

Michael Szpylman, came to her and advised her he had seen Mr. McGovern inappropriately

touching her on a surveillance tape maintained by the store and asked her whether she had

reported his actions to Human Resources.

4

22. MS. KOZAK responded to Mr. Szpylman that she was the sole source of income for her family; felt intimidated, threatened and scared by Mr. McGovern's harassment; and was afraid she would lose her job if she reported his actions.

23. On or about December 1, 2014, MS. KOZAK became the store manager at OfficeMax Store #6502, located at 2642 Delaware Avenue in the City of Buffalo.

24. Mr. McGovern continued to be MS. KOZAK's District Manager.

25. On or about Thursday, February 12, 2015, Carol Cannon, Operation Manager for OfficeMax Store #6502, who was out of work on disability, came into OfficeMax Store #6502, to let MS. KOZAK know that Ms. Cannon was being released by her doctor to return to work. MS. KOZAK emailed OFFICE DEPOT Human Resources and Mr. McGovern to let them know of Ms. Cannon's release to return to work. MS. KOZAK then received a phone call from Mr. McGovern wherein he told MS. KOZAK to let Ms. Cannon know she would have to go part time and take a pay cut. When Ms. Cannon came into OfficeMax Store #6502 the next day, MS. KOZAK explained to Ms. Cannon what Mr. McGovern had said to MS. KOZAK. Ms. Cannon, who was with OfficeMax for 26 years, was very upset. Ms. Cannon left the store and went to her car to call Mr. McGovern. Ms. Cannon subsequently went back into OfficeMax Store #6502 and advised MS. KOZAK what had occurred during the telephone conference. Ms. Cannon told MS. KOZAK that Mr. McGovern denied ever saying that Ms. Cannon would have to go part time and take a pay cut. Ms. Cannon asked him "Why would Joann lie? She doesn't even know me." District Manager Scott McGovern got upset with Ms. Cannon and told her he had to go. Later that day MS. KOZAK received a call from District Manager Scott McGovern advising MS. KOZAK to keep Ms. Cannon on full time and at the same pay rate.

26.      Mr. McGovern continued to sexually harass MS. KOZAK after she became the store manager at OfficeMax Store #6502.

27.      On or about February 12, 2015 Mr. McGovern came to OfficeMax Store #6502 and did a walk around through the store. After he completed his walk around, he met with MS. KOZAK in her office. At that time, he told MS. KOZAK that the store looked good and asked her "Do you want the store? Take ownership of it." MS. KOZAK said "Okay" and asked Mr. McGovern about management training. Mr. McGovern told her "No". As the meeting concluded, Mr. McGovern reached out and began to rub MS. KOZAK's back, bra strap, and bra clasp. MS. KOZAK pulled away from him. She was extremely intimidated by him and felt scared of him.

28.      At that same visit, Mr. McGovern offered to buy her lunch and took her to Applebee's. During lunch MS. KOZAK told him that she believed an employee called in a complaint about her. He said "You have nothing to worry about, don't worry about it. I had three complaints against me and nothing was done about it."

29.      On February 27, 2015, MS. KOZAK received a manager's quarterly bonus of $2,096.

30.      On March 19, 2015, MS. KOZAK signed her 2014 Annual Appraisal which was completed by Mr. McGovern on March 23, 2015, and gave MS. KOZAK an overall rating of "meets expectations".

31.      During a March 2015 conference call with the Store Managers, Mr. McGovern announced that he had three new recruits in the Store Manager Training Program and "Heads are going to roll."

32.     After the conference call, MS. KOZAK asked Dave Seaner, Store Manager at OFFICE DEPOT Store #493, what it meant.  He said that there are a few managers that will be let go and he was now the Store Training Manager and had to train recruits.

33.     In approximately March 2015, during a conference call with Mr. McGovern, Mr. McGovern announced that Americo "Junior" Garcia, approximately 38 years old, attended the Manager Training Program and was taking over as Store Manager of OfficeMax Store #6220.

34.     Americo "Junior" Garcia, approximately 38 years old, was Store Manager at OfficeMax Store #6220, located at 3735 Union Road, Cheektowaga, New York.  In or about March 2015 Mr. Garcia replaced Michael T. Bedford, approximately 51 years old, as Store Manager at OFFICE DEPOT Store #673, located at 1730 Walden Avenue, Cheektowaga, New York.  Mr. Bedford was sent from OFFICE DEPOT Store #673 to OfficeMax Store #6220 where Mr. Garcia had been the Store Manager.  In approximately April 2015, the OfficeMax Store #6220 closed and Mr. Bedford was terminated.

35.     On or around Thursday, March 26, 2015, Mr. McGovern visited MS. KOZAK's store.  They discussed the Business Plan.  When they finished he took his paperwork into the manager's office and closed the door.  She sat at the large desk in the office, and he sat at a small desk in the office.  As her review was already completed she asked him if she was getting a raise.  He said she was but the amount was undetermined.  When they got up out of their chairs to go to lunch he started rubbing her back again with his right hand.  She jumped but he continued to rub his hand on her back, bra strap and clasp.  She moved away and walked out of the office.  They then left for a business lunch at Applebee's.

36.     While at Applebee's, Mr. McGovern told MS. KOZAK, "You know I really like you a lot." She did not respond to his remark. She was very uncomfortable. They finished lunch and walked back to the store.

37.     Mr. McGovern then got his check list and did a walk around of the store with her. When they went back to the manager's office, he shut the door and sat down. MS. KOZAK sat at the large desk and Mr. McGovern sat at a small desk between MS. KOZAK and the door. He became angry and told her "What's wrong with you?! You have to start learning the Profit/Loss Statement." She asked to be sent to the Manager Training Program as male employees had been. He yelled "NO! You don't need to go." She was scared and intimidated by him. He gathered his belongings and left. This was the third time she asked to go to the Manager Training Program and was refused.

38.     On or about Friday, March 27, 2015, Mr. McGovern called MS. KOZAK and advised she was receiving a $3,396 raise.

39.     In late April 2015 or early May 2015, Kenneth Thompson, approximately 29 years old, attended the Manager Training Program.

40.     Eric Banach, approximately 49 years old, was terminated in approximately March 2015 as Store Manager of OfficeMax Store #6574 in West Seneca, New York. During late April or early May 2015, during a Store Manager Conference Call, Mr. McGovern announced that Kenneth Thompson, approximately 29 years old, was in Manager Training and would be taking over as Store Manager of OfficeMax Store #6574.

41.     Around the third week of April 2015, Mr. McGovern returned to MS. KOZAK's store to discuss the Business Plan. His demeanor was angry and hostile. They went into the manager's office where she sat down at the large desk and he sat between the small desk

8

and the door.  He criticized her for payroll and the store shelves not being completely filled even though he had not walked the store.  She told him that since the store was in transition from OfficeMax to OFFICE DEPOT labeled merchandise, they dropped and filled shelves with as much clearance items as possible as they had not been receiving OFFICE DEPOT labeled merchandise.  Further, she had given the responsibility of scheduling to her recently promoted Assistant Manager to develop him.  Mr. McGovern kept yelling at her.  After they did a brief store walk he told her that "There's going to be a lot of sadness when I come back."  She felt that he was threatening her job.

42.    In approximately early May 2015, Jeffrey Gotham, approximately 27 years old, attended the Manager Training Program.

43.    On May 27, 2015, Mr. McGovern came to MS. KOZAK's store.  Mr. McGovern sat in the manager's office doing paperwork until approximately 2 p.m. when he called MS. KOZAK into the office.  When she sat at the large desk he moved his chair in front of the door and placed his left hand on the doorknob.  He started yelling asking why she cut hours.  She responded that he sent her an email telling the managers to cut hours.  Assistant Manager Dave Newman came to the manager's office door.  Mr. McGovern opened the door approximately 8 to10 inches and Assistant Manager Dave Newman reached in with his hand to grab his radio and earpiece on MS. KOZAK's desk.  Mr. McGovern closed the door, put the side of his chair back against it and placed his left hand on the doorknob.  He then placed papers on her desk and yelled asking where all of her logistic people were.  She responded that when the managers were told to cut hours she and Assistant Manager Dave Newman looked over the schedules and cut hours when needed.  He replied that he didn't care and she should have had

more employees on.  He asked why the shelves were empty.  She replied that they were dropping and filling with the clearance merchandise.

44.     MS. KOZAK got up out of her chair to leave the office because of his frightening behavior.  The left side of his chair remained against the door with his left hand on the doorknob.  He would not let her leave the office.  He yelled: "You sit down or you're fired. You are not leaving this office until you sign this."  He threw a Performance Correction Document and Performance Improvement Process Memorandum on her desk.  She was very fearful and signed the documents without reading them.  He told her that he wanted an Action Plan scanned to him before she left for the day and then left.  It was between 2:45 p.m. and 3 p.m.

45.     MS. KOZAK was crying and shaking so much that she went outside to the receiving area to try to calm down.  Assistant Manager Dave Newman observed her crying and went outside to check on her.  She told him that she was terrified, not doing well at all and had to prepare an Action Plan before she left.  When she completed it Mr. Newman scanned the document and MS. KOZAK emailed it before leaving at the end of her shift.

46.     The following morning, May 28, 2015, MS. KOZAK arrived at work at 7 a.m. but was too upset to go inside.  She was sitting in the car with her husband parallel to the front store door when her Operations Manager Scott Hahn, came outside.  She told him she couldn't work and asked him to put her in the system for sick hours for the day.

47.     MS. KOZAK's husband told Operations Manager Scott Hahn that they were going to the Police Station because something happened.  She went to the Buffalo Police Department, and gave a Complaint to the Officer on duty.

48.     MS. KOZAK went to her doctor around 12:00 p.m. on May 28, 2015.  Her doctor took her out of work due to illness until further notice.  She had a severe anxiety attack.

49.     MS. KOZAK contacted the OFFICE DEPOT Human Resources Department and advised the representative what had occurred on May 27, 2015 with Mr. McGovern.  She was advised to contact Director of Human Resources Mary Bryan and tell her what happened on that day.  MS. KOZAK called Ms. Bryan and left a message for her to contact MS. KOZAK.

50.     On May 28, 2015, MS. KOZAK went out of work due to illness.  She applied for both New York State Disability and OFFICE DEPOT Supplemental Short Term Disability, submitting the same documentation to both New York State Disability and OFFICE DEPOT Supplemental Short Term Disability.

51.     Having received no return telephone call from Ms. Bryan, MS. KOZAK sent an email to Director of Human Resources Mary Bryan on May 30, 2015, telling her what happened on May 27, 2015 with Mr. McGovern.  When MS. KOZAK did not hear from Director of Human Resources Mary Bryan, MS. KOZAK left her another voicemail.

52.     Ms. Bryan returned MS. KOZAK's call on or around June 8, 2015.  Ms. Bryan asked MS. KOZAK to explain what happened on May 27, 2015.  MS. KOZAK relayed what occurred that day.  Ms. Bryan said she would get back to MS. KOZAK.

53.     On or around June 18, 2015, MS. KOZAK received a phone call from Ms. Bryan.  Ms. Bryan told MS. KOZAK that she could be fired for making a false claim against her supervisor.  MS. KOZAK denied making a false statement against her supervisor.  MS. KOZAK tried to tell Ms. Bryan of the sexually harassing conduct of Mr. McGovern on May 27, 2015 and earlier dates.

11

54.    MS. KOZAK conducted this telephone conversation on speaker phone and MS. KOZAK's husband witnessed the conversation. MS. KOZAK's husband asked Ms. Bryan why she was speaking to MS. KOZAK in that manner to which Ms. Bryan replied that she did not have to speak to him and then slammed the phone down, hanging up on MS. KOZAK.

55.    By letter dated June 22, 2015, and despite being granted New York State Disability, MS. KOZAK was denied Supplemental Short Term Disability from OFFICE DEPOT. She appealed this denial.

56.    On or about July 1, 2015,  and while out on disability, MS. KOZAK spoke with a representative of Fidelity Benefits, which manages OFFICE DEPOT's benefits and was told that she no longer had any health insurance because she had been terminated as of June 30, 2015.

57.    This was the first time that MS. KOZAK learned of her termination by OFFICE DEPOT.

58.    MS. KOZAK never received any letter by U.S. Mail, UPS, or FedEx from OFFICE DEPOT terminating her employment.  MS. KOZAK never received any telephone call from OFFICE DEPOT terminating her employment.

59.    MS. KOZAK, who was turning 55 years old on July 19, 2015, was Store Manager at OfficeMax Store #6502.  Following her termination, she was replaced by Andrew Bland, approximately 35 years old, as Store Manager.

60.    When Andrew Bland, approximately 35 years old, replaced MS. KOZAK, approximately 55 years old, at OfficeMax Store #6502 in approximately July 2015, Jeffrey Gotham, approximately 27 years old, replaced Mr. Bland as Store Manager at OfficeMax Store #6027.

61.     Kiki France-Perry, approximately 53 years old, was Store Manager at OfficeMax Store #6034, located at 3333 West Henrietta Road, Rochester, New York.  On or around July or August 2015, she was terminated and replaced as Store Manager by a younger person, Jenna Lawson Swack.

62.     Bradford Empfield, approximately 55 years old, was Store Manager at OfficeMax Store #6098, located at 4101 Transit Road, Williamsville, New York.  On or around August, 2015, he was terminated and replaced as Store Manager by Christine Jones who is approximately 33 years old.

63.     Employee number 751008, approximately 48 years old, was Store Manager at Office Max Store # 6062, located at 5671 East Circle Drive, Cicero, New York 13039.  In approximately Summer 2015/Fall 2015, he was terminated and replaced by Alex Belina, approximately 35 years old.

64.     In approximately November 2015/December 2015 Office Max Store # 6027 located at 4224 Maple Road, Amherst, New York 14226 closed.  Jeffery Gotham, the Store Manager of Office Max Store # 6027, who is approximately 30 years old, was transferred to Office Max Store # 6730 located at 5762 South Transit Road, Lockport, New York 14094.  The Store Manager of Office Max Store # 6730, Robert Michalski, who is approximately 50 years old, was transferred to Office Max Store # 6046 located at 4408 Milestrip Road, Blasdell, New York 14219 and took the place of Jeffery Kuczkowski, approximately 41 years old, Store Manager Office Max Store # 6046, who was terminated.

65.     In approximately April, 2016, Office Max Store # 6098 located at 4101 Transit Road, Williamsville, New York 14221 closed.  Christine Jones, the Store Manager of Office Max Store # 6098, who is approximately 33 years old, replaced, Jeffery Gotham, who is

approximately 30 years old, as Store Manager of Office Max Store # 6730.  Jeffery Gotham, then replaced Americo Garcia, approximately 38 years old, who was terminated as Store Manager at Office Depot Store # 493.

66.    In less than one year, OFFICE DEPOT terminated six older Store Managers and replaced them with younger employees.

67.    Further, while she was employed by OFFICE DEPOT, MS. KOZAK requested to attend the Manager Training Program on at least three occasions and each request was denied.  Yet, at least four younger male employees were permitted to attend such training.

68.    On October 29, 2015, MS. KOZAK prevailed on her appeal of the denial of OFFICE DEPOT Supplemental Short Term Disability, and she was granted these benefits.

69.    OFFICE DEPOT knew or through the exercise of reasonable diligence should have known of the wrongful and unlawful actions, conduct, and omissions of their agents, servants, and/or employees and took no remedial action.

70.    In addition to MS. KOZAK, other older and female employees of Defendants, including but not limited to those set forth above, have been subjected to different terms and conditions of employment, discrimination, harassment, retaliation and a hostile environment.

71.    The effects of this hostile working environment were so severe and pervasive that it affected the terms, conditions, and privileges of MS. KOZAK's employment with OFFICE DEPOT, forcing her to take an unintended disability leave and ultimately resulting in her termination.

72.    As a result of the conduct of OFFICE DEPOT, its agents, servants, and/or employees, including Mr. McGovern, MS. KOZAK has suffered severe emotional distress, degradation, humiliation, and physical injuries.

73.     As a result of the conduct of OFFICE DEPOT, its agents, servants, and employees, including Mr. McGovern, MS. KOZAK has suffered lost wages and benefits and a diminution in her ability to earn income in the future.

74.    As a result of the actions of OFFICE DEPOT, including but not limited to those described above, OFFICE DEPOT, its agents, servants, and employees, including Mr. McGovern, have treated MS. KOZAK adversely because of her sex, age, disability and in retaliation for her complaints of discrimination, and engaged in a pattern and practice of knowing, intentional, willful and voluntary course of wrongful discriminatory conduct.

## CONDITIONS PRECEDENT TO ACTION

75.    MS. KOZAK has complied with all the jurisdictional prerequisites to action pursuant to § 706 of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e-5(f) as follows:

a.    In accordance with the time prescribed by § 706(e) of Title VII of the Civil Rights of 1964 and 42 U.S.C. § 2000e-5(e), on or about September 24, 2015, MS. KOZAK filed a charge of discrimination with the New York State Division of Human Rights (DHR).

b.    On or about the same date, the DHR caused a copy of said charge to be filed with the United States Equal Employment Opportunity Commission (EEOC).

c.      On or about March 11, 2016, the DHR issued a Determination After Investigation in which it found probable cause existed to believe Defendant had engaged in or was engaging in unlawful discriminatory practices.

d.      By Notice and Final Order dated June 9, 2016, the DHR adopted the Recommended Order of Dismissal for Administrative Convenience of Martin Erazo, Jr., an Administrative Law Judge of the DHR, permitting MS. KOZAK to pursue her intended remedies in court.

e.      On or about September 2, 2016, the EEOC sent notification to MS. KOZAK, that, with respect to the Verified Complaint filed on or about September 24, 2015, she had the Right to Sue within 90 days of the receipt of the notification.  A copy of the EEOC Notice of Right To Sue is attached hereto as Exhibit "A."

f.      MS. KOZAK has filed this action within 90 days of the receipt of the notifications of the Right to Sue from the EEOC.

## AS AND FOR A FIRST CAUSE OF ACTION

76.      Plaintiff, JOANN R. KOZAK, repeats and re-alleges each and every allegation contained in paragraphs "1" through "75" as though fully set forth herein.

77.      Throughout her time as an employee of Defendant, OFFICE DEPOT, Plaintiff, JOANN R. KOZAK, was subjected to different terms and conditions of employment than similarly situated male employees.

78.      Plaintiff, JOANN R. KOZAK, was subjected to a continuing course of sex discrimination by Defendants, OFFICE DEPOT, its agents, servants, and/or employees.

79.      Plaintiff, JOANN R. KOZAK, was required to work in a sexually hostile environment where she had been harassed by her supervisors, other agents, servants, and/or

16

employees of Defendant, OFFICE DEPOT, who were aware that Plaintiff, JOANN R. KOZAK, was subjected to a hostile work environment; however, Defendant, OFFICE DEPOT, refused to investigate, stop, or prevent the discriminatory behavior from continuing.

80.    The effect of the policies and practices pursued by the Defendant, OFFICE DEPOT, as alleged above limited, classified, and discriminated against the Plaintiff, JOANN R. KOZAK, in ways which resulted in the loss of her job and deprived her of employment opportunities and otherwise adversely affected her status as an employee because of sex in violation of 42 U.S.C. § 2000e et seq.

81.    Defendant, OFFICE DEPOT, knew or in the exercise of reasonable diligence should have known of the wrongful and unlawful actions, conduct, and omissions of its agents, servants, and/or employees and took no remedial action.

82.    As a result of Defendant OFFICE DEPOT's actions, conduct, and omissions, including but not limited to those described above, Defendant, OFFICE DEPOT, discriminated against Plaintiff, JOANN R. KOZAK, with respect to her compensation, terms, conditions, and privileges of employment constituting unlawful sex discrimination in violation of § 703(a) of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e-2(a), thereby entitling Plaintiff, JOANN R. KOZAK, to relief under the provisions of § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5.

83.    Defendant, OFFICE DEPOT's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff, JOANN R. KOZAK's rights and feelings in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

84.     As a result of Defendant, OFFICE DEPOT's actions, conduct, and omissions, including but not limited to those described above, Plaintiff, JOANN R. KOZAK, incurred damages including, but not limited to, lost back wages, reinstatement to employment or lost future wages, employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.  Plaintiff, JOANN R. KOZAK, is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

85.     As a direct and proximate result of Defendant, OFFICE DEPOT's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff, JOANN R. KOZAK, has been damaged in the amount of Two Million Dollars.

86.     Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff, JOANN R. KOZAK, is entitled to reasonable costs and attorneys' fees.

87.     Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. §1981a(c), Plaintiff, JOANN R. KOZAK, demands a jury trial as to all issues so triable.

## AS AND FOR A SECOND CAUSE OF ACTION

88.     Plaintiff, JOANN R. KOZAK, repeats and re-alleges each and every allegation contained in paragraphs "1" through "75" as though fully set forth herein.

89.     Plaintiff, JOANN R. KOZAK, invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

90.     Defendant OFFICE DEPOT, through its agents, servants, and/or employees treated Plaintiff, JOANN R. KOZAK, adversely because of sex and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 et seq.

18

91.    Defendant OFFICE DEPOT discriminated against Plaintiff, JOANN R. KOZAK, with respect to compensation, terms, conditions, and privileges of employment because of sex in violation of the Human Rights Law of the State of New York, Executive Law § 290 et seq.

92.    Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff, JOANN R. KOZAK's rights under the Human Rights Law of the State of New York.

93.    As a result of Defendant OFFICE DEPOT's actions, conduct, and omissions, including but not limited to those described above, Plaintiff, JOANN R. KOZAK, incurred damages, including but not limited lost back wages, reinstatement to employment or lost future wages, employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.

94.    As a result of Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff, JOANN R. KOZAK, has been damaged in the amount of Two Million Dollars.

95.    Plaintiff, JOANN R. KOZAK, demands a jury trial as to all issues so triable.

## AS AND FOR A THIRD CAUSE OF ACTION

96.    Plaintiff, JOANN R. KOZAK, repeats and re-alleges each and every allegation contained in paragraphs "1" through "75" as though fully set forth herein.

97.    As a result of these offensive acts, including but not limited to those described above, Defendant OFFICE DEPOT, through its agents, servants, and/or employees,

created a sexually hostile working environment in which Plaintiff JOANN R. KOZAK was intimidated, harassed, and undermined in her attempts to succeed.

98.     Throughout Plaintiff JOANN R. KOZAK's employment with Defendant OFFICE DEPOT, Plaintiff JOANN R. KOZAK, brought the above-described unlawful conduct to the attention of her supervisors.

99.     As a result, Defendant OFFICE DEPOT, knew or through the exercise of reasonable diligence should have known of the wrongful and unlawful actions, conduct, and omissions of its agents, servants, and/or employees and took no remedial action.

100.     The effects of this hostile working environment were so severe and pervasive that it affected the terms, conditions, and privileges of the Plaintiff, JOANN R. KOZAK's employment, constituting unlawful sexual harassment in violation of § 703(a) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-2(a), thereby entitling Plaintiff, JOANN R. KOZAK, to relief under the provisions of § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(g).

101.     Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff, JOANN R. KOZAK's rights and feelings in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

102.     As a result of Defendant OFFICE DEPOT's actions, conduct, and omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK, incurred damages, including but not limited to, lost back wages, reinstatement to employment or lost future wages, employee benefits, lost employment opportunities, mental anguish, emotional

distress, and embarrassment.  Plaintiff, JOANN R. KOZAK, is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

103.    As a direct and proximate result of the Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK, has been damaged in the amount of Two Million Dollars.

104.    Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff JOANN R. KOZAK is entitled to reasonable costs and attorneys' fees.

105.    Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. §1981a(c), Plaintiff JOANN R. KOZAK demands a jury trial as to all issues so triable.

### AS AND FOR A FOURTH CAUSE OF ACTION

106.    Plaintiff JOANN R. KOZAK repeats and re-alleges each and every allegation contained in paragraphs "1" through "75" as though fully set forth herein.

107.    Plaintiff JOANN R. KOZAK invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

108.    During the course of Plaintiff JOANN R. KOZAK's employment, Defendant OFFICE DEPOT, through its agents, servants, and/or employees, subjected Plaintiff JOANN R. KOZAK to unwelcome comments, insults and other sexually offensive conduct thus creating a hostile work environment and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 et seq.

109.    Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a

reckless disregard of Plaintiff JOANN R. KOZAK's rights under the Human Rights Law of the State of New York.

110.     As a result of Defendant OFFICE DEPOT's actions, conduct, and omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK incurred damages, including but not limited to, lost back wages, reinstatement to employment or lost future wages, employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.

111.     As a result of Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK has been damaged in the amount of Two Million Dollars.

112.     Plaintiff JOANN R. KOZAK demands a jury trial as to all issues so triable.

### AS AND FOR A FIFTH CAUSE OF ACTION

113.     Plaintiff JOANN R. KOZAK repeats and re-alleges each and every allegation contained in paragraphs "1" through "75" as though fully set forth herein.

114.     Defendant OFFICE DEPOT treated Plaintiff JOANN R. KOZAK adversely because she complained of and opposed unlawful discriminatory practices on the basis of sex by Defendant OFFICE DEPOT.

115.     As a result of Defendant OFFICE DEPOT's actions, conduct, and omissions, including but not limited to those described above, Defendant OFFICE DEPOT has discriminated against Plaintiff JOANN R. KOZAK with respect to her compensation, terms, conditions, and privileges of employment and in retaliation for complaining and opposing unlawful discriminatory practices by Defendant OFFICE DEPOT, in violation of § 707 of Title

VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e-(3), thereby entitling Plaintiff JOANN R. KOZAK to relief under the provisions of § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

116.   Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff JOANN R. KOZAK's rights and feelings in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

117.   As a result of Defendant OFFICE DEPOT's actions, conduct, and omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK incurred damages, including but not limited to, lost back wages, reinstatement to employment or lost future wages, employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.  Plaintiff JOANN R. KOZAK is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

118.   As a direct and proximate result of Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK has been damaged in the amount of Two Million Dollars.

119.   Pursuant to § 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.  2000e-5(k) Plaintiff JOANN R. KOZAK is entitled to reasonable costs and attorney's fees.

120.   Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff JOANN R. KOZAK demands a jury trial as to all issues so triable.

## AS AND FOR A SIXTH CAUSE OF ACTION

118.     Plaintiff JOANN R. KOZAK repeats and re-alleges each and every allegation contained in paragraphs "1" through "75" as though fully set forth herein.

119.     Plaintiff JOANN R. KOZAK was discharged by Defendant OFFICE DEPOT because of her age in violation of § 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). Plaintiff is entitled to relief under the provisions of § 7 of the ADEA, 29 U.S.C. §626.

120.     As a result of the actions, conduct, and omissions of Defendant OFFICE DEPOT, including but not limited to those described above, Defendant OFFICE DEPOT has engaged in a pattern and practice of discrimination against Plaintiff JOANN R. KOZAK with respect to her compensation, terms, conditions, and privileges of employment because of her age in violation of § 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), thereby entitling Plaintiff JOANN R. KOZAK to relief under the provisions of § 7 of the ADEA, 29 U.S.C. § 626.

121.     Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions were willful and wanton and done with a reckless disregard of Plaintiff JOANN R. KOZAK's rights and feelings in violation of § 4 of the ADEA, 29 U.S.C. § 623, thereby entitling Plaintiff JOANN R. KOZAK to an award of liquidated damages.

122.     As a result of Defendant OFFICE DEPOT's actions, conduct, and omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK has incurred damages, including but not limited to, lost back wages, reinstatement to employment or lost future wages, employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.

24

123.    As a result of Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK has been damaged in the amount of Two Million Dollars.

124.    Pursuant to § 7(b) of the ADEA, 29 U.S.C. § 626(b), Plaintiff JOANN R. KOZAK is entitled to reasonable costs and attorneys' fees.

125.    Pursuant to § 7(c)(2) of the ADEA, 29 U.S.C. § 626(c)(2), Plaintiff JOANN R. KOZAK demands a trial by jury as to all issues so triable.

## AS AND FOR A SEVENTH CAUSE OF ACTION

126.    Plaintiff JOANN R. KOZAK repeats and re-alleges each and every allegation contained in paragraphs "1" through "75" as though fully set forth herein.

127.    Plaintiff JOANN R. KOZAK invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

128.    During the course of Plaintiff JOANN R. KOZAK's employment, Defendant OFFICE DEPOT treated Plaintiff JOANN R. KOZAK adversely because of her age, and subjected her to unwelcome comments, insults and other offensive conduct thus creating a hostile work environment on the basis of her age, and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 et seq.

129.    As a result of Defendant OFFICE DEPOT's actions, conduct, and omissions, including but not limited to those described above, Defendant OFFICE DEPOT discharged Plaintiff JOANN R. KOZAK because of her age in violation of the Human Rights Law of the State of New York, Executive Law § 290 et seq.

130.    Defendant OFFICE DEPOT has engaged in a pattern and practice of discrimination against Plaintiff JOANN R. KOZAK with respect to compensation, terms, conditions, and privileges of employment because of her age in violation of the Human Rights Law of the State of New York, Executive Law § 290 et seq.

131.    Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff JOANN R. KOZAK's rights.

132.    As a result of Defendants' actions, conduct, and omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK has incurred damages incurred damages, including but not limited to, lost back wages, reinstatement to employment or lost future wages, employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.

133.    As a result of Defendants' wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK has been damaged in the amount of Two Million Dollars.

134.    Plaintiff JOANN R. KOZAK demands a jury trial as to all issues so triable.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

135.    Plaintiff JOANN R. KOZAK repeats and re-alleges each and every allegation contained in paragraphs "1" through "75" as though fully set forth herein.

136.    Defendant OFFICE DEPOT treated Plaintiff JOANN R. KOZAK adversely because she complained of and opposed unlawful discriminatory practices on the basis of age by Defendant OFFICE DEPOT.

137.    As a result of Defendant OFFICE DEPOT's actions, conduct, and omissions, including but not limited to those described above, Defendant OFFICE DEPOT has discriminated against Plaintiff JOANN R. KOZAK with respect to her compensation, terms, conditions, and privileges of employment and in retaliation for complaining and opposing unlawful discriminatory practices by Defendant, in violation of §4(d) of the ADEA, 29 U.S.C. §623(d).

138.    Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff JOANN R. KOZAK's rights and feelings in violation of § 4 of the ADEA, 29 U.S.C. § 623, thereby entitling Plaintiff JOANN R. KOZAK  to an award of liquidated damages.

139.    As a result of Defendant OFFICE DEPOT's actions, conduct, and omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK incurred damages, including but not limited to, lost back wages, reinstatement to employment or lost future wages, employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.

140.    As a direct and proximate result of Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK has been damaged in the amount of Two Million Dollars.

141.    Pursuant to § 7(b) of the ADEA, 29 U.S.C. §626(b), Plaintiff JOANN R. KOZAK is entitled to reasonable costs and attorney's fees.

142.    Pursuant to § 7(c)(2) of the ADEA, 29 U.S.C. § 626(c)(2), Plaintiff JOANN R. KOZAK demands a jury trial as to all issues so triable.

## AS AND FOR A NINTH CAUSE OF ACTION

143.     Plaintiff JOANN R. KOZAK repeats and re-alleges each and every allegation contained in paragraphs "1" through "75" as though fully set forth herein.

144.     Defendant OFFICE DEPOT treated Plaintiff JOANN R. KOZAK adversely because she requested a disability leave from Defendant OFFICE DEPOT.

145.     As a result of Defendant OFFICE DEPOT's actions, conduct, and omissions, including but not limited to those described above, Defendant OFFICE DEPOT has discriminated against Plaintiff JOANN R. KOZAK with respect to her compensation, terms, conditions, and privileges of employment and in retaliation for filing for a disability leave from Defendant OFFICE DEPOT, in violation of § 503 of the ADA, 42 U.S.C. § 12203, thereby entitling Plaintiff JOANN R. KOZAK to relief under the provisions of § 107 of the ADA, 42 U.S.C. § 12117, which incorporates § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

146.     Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff JOANN R. KOZAK's rights and feelings in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

147.     As a result of Defendant OFFICE DEPOT's actions, conduct, and omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK incurred damages, including but not limited to, lost back and future wages, and employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment. Plaintiff JOANN R. KOZAK is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

148.    As a direct and proximate result of Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK has been damaged in the amount of Two Million Dollars.

149.    Pursuant to § 505 of the ADA, 42 U.S.C. § 12205, as well as § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates the provisions of § 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5(k), Plaintiff JOANN R. KOZAK is entitled to reasonable costs and attorney's fees.

150.    Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a jury trial as to all issues so triable.

### AS AND FOR A TENTH CAUSE OF ACTION

151.    Plaintiff JOANN R. KOZAK repeats and re-alleges each and every allegation contained in paragraphs "1" through "75" as though fully set forth herein.

152.    Plaintiff JOANN R. KOZAK invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

153.    During the course of Plaintiff JOANN R. KOZAK's employment, Defendant OFFICE DEPOT, its agents, servants, and/or employees treated Plaintiff JOANN R. KOZAK adversely in retaliation for her complaints and opposition to unlawful discriminatory conduct on the basis of sex and/or age and/or in retaliation for requesting a disability leave and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 et seq.

154.    Defendant OFFICE DEPOT discriminated against Plaintiff JOANN R. KOZAK with respect to compensation, terms, conditions, and privileges of employment  in

retaliation for her complaints and opposition to unlawful discriminatory conduct and in violation

of the Human Rights Law of the State of New York, Executive Law § 290 et seq.

155.    Defendant OFFICE DEPOT's wrongful acts, conduct, and omissions,

including but not limited to those described above, were willful and wanton and done with a

reckless disregard of Plaintiff JOANN R. KOZAK's rights under the Human Rights Law of the

State of New York.

156.    As a result of Defendant OFFICE DEPOT's actions, conduct, and

omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK

incurred damages, including but not limited to, lost back and future wages, employee benefits,

lost employment opportunities, mental anguish, embarrassment, and emotional distress.

157.    As a result of Defendant OFFICE DEPOT's wrongful acts, conduct, and

omissions, including but not limited to those described above, Plaintiff JOANN R. KOZAK has

been damaged in the amount of Two Million Dollars.

158.    Plaintiff demands a jury trial as to all issues so triable.

**WHEREFORE,** Plaintiff, JOANN R. KOZAK, demands judgment against

Defendants as follows:

1.    On the first cause of action, Plaintiff, JOANN R. KOZAK, demands

judgment against Defendant, OFFICE DEPOT, reinstating her to employment in her prior or

equivalent position, the amount of Two Million Dollars as actual damages for loss of revenue,

including back pay and, in the absence of reinstatement to employment, front pay, mental

anguish, embarrassment and emotional distress, and punitive damages, together with interest,

costs, expenses and attorneys' fees, and such other and further relief as to this Court may seem

just and proper.

2.     On the second cause of action, Plaintiff, JOANN R. KOZAK, demands judgment against Defendant, OFFICE DEPOT, reinstating her to employment in her prior or equivalent position, the amount of Two Million Dollars as actual damages for loss of revenue, including back pay and, in the absence of reinstatement to employment, front pay, mental anguish, embarrassment and emotional distress, and punitive damages, together with interest, costs, and expenses, and such other and further relief as to this Court may seem just and proper.

3.     On the third cause of action, Plaintiff, JOANN R. KOZAK, demands judgment against Defendant, OFFICE DEPOT, reinstating her to employment in her prior or equivalent position, the amount of Two Million Dollars as actual damages for loss of revenue, including back pay and, in the absence of reinstatement to employment, front pay, mental anguish, embarrassment and emotional distress, and punitive damages, together with interest, costs, expenses and attorneys' fees, and such other and further relief as to this Court may seem just and proper.

4.     On the fourth cause of action, Plaintiff, JOANN R. KOZAK, demands judgment against Defendant, OFFICE DEPOT, reinstating her to employment in her prior or equivalent position, the amount of Two Million Dollars as actual damages for loss of revenue, including back pay and, in the absence of reinstatement to employment, front pay, mental anguish, embarrassment and emotional distress, and punitive damages, together with interest, costs, and expenses, and such other and further relief as to this Court may seem just and proper.

5.     On the fifth cause of action, Plaintiff, JOANN R. KOZAK, demands judgment against Defendant, OFFICE DEPOT, reinstating her to employment in her prior or equivalent position, the amount of Two Million Dollars as actual damages for loss of revenue, including back pay and, in the absence of reinstatement to employment, front pay, mental

anguish, embarrassment and emotional distress, and punitive damages, together with interest, costs, expenses and attorneys' fees, and such other and further relief as to this Court may seem just and proper.

      6.      On the sixth cause of action, Plaintiff, JOANN R. KOZAK, demands judgment against Defendant, OFFICE DEPOT, reinstating her to employment in her prior or equivalent position, the amount of Two Million Dollars as actual damages for loss of revenue, including back pay and, in the absence of reinstatement to employment, front pay, mental anguish, embarrassment and emotional distress, and liquidated damages, together with interest, costs, expenses and attorneys' fees, and such other and further relief as to this Court may seem just and proper.

      7.      On the seventh cause of action, Plaintiff, JOANN R. KOZAK, demands judgment against Defendant, OFFICE DEPOT, reinstating her to employment in her prior or equivalent position, the amount of Two Million Dollars as actual damages for loss of revenue, including back pay and, in the absence of reinstatement to employment, front pay, mental anguish, embarrassment and emotional distress, and punitive damages, together with interest, costs, and expenses, and such other and further relief as to this Court may seem just and proper.

      8.      On the eighth cause of action, Plaintiff, JOANN R. KOZAK, demands judgment against Defendant, OFFICE DEPOT, reinstating her to employment in her prior or equivalent position, the amount of Two Million Dollars as actual damages for loss of revenue, including back pay and, in the absence of reinstatement to employment, front pay, mental anguish, embarrassment and emotional distress, and liquidated damages, together with interest, costs, expenses and attorneys' fees, and such other and further relief as to this Court may seem just and proper.

9.      On the ninth cause of action, Plaintiff, JOANN R. KOZAK, demands

judgment against Defendant, OFFICE DEPOT, in the amount of $2 million as actual damages

for loss of revenue, including lost back wages, reinstatement to employment or lost future wages,

and punitive damages, together with interest, costs, expenses and attorneys' fees, and such other

and further relief as to this Court may seem just and proper.

10.     On the tenth cause of action, Plaintiff, JOANN R. KOZAK, demands

judgment against Defendants in the amount of $2 million as actual damages of loss of revenue,

including lost back wages, reinstatement to employment or future lost wages, mental anguish,

embarrassment and emotional distress and punitive damages, together with interest, costs, and

expenses, and such other and further relief as to this Court may seem just and proper.

Dated:     Buffalo, New York
           November 23, 2016

                                  s/ Josephine A. Greco
                              Josephine A. Greco, Esq.
                              GRECO TRAPP, PLLC
                              Attorneys for Plaintiff
                              1700 Rand Building, 14 Lafayette Square
                              Buffalo, New York 14203
                              Telephone Number:  (716) 856-5800
                              E-mail Address:  jgreco@grecolawyers.com

# EXHIBIT A

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Joann R. Kozak**
     **122 N. Ogden St.**
     **Buffalo, NY 14206**

From:  **New York District Office**
       **33 Whitehall Street**
       **5th Floor**
       **New York, NY 10004**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is* CONFIDENTIAL *(29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16G-2015-04390** | Holly M. Woodyard, **State & Local Program Manager** | **(212) 336-3643** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other *(briefly state)*        **Charging Party wishes to pursue matter in Federal District Court.**

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Kevin J. Berry,**
**District Director**

SEP 0 2 2016

*(Date Mailed)*

Enclosures(s)

cc:     **Jacqueline Phipps Polito, Esq.**

**Attn: Andrew Bland, Store Manager**
**OFFICE DEPOT, INC.**
**Office Max #6502**
**2642 Delaware Ave.**
**Delray Beach, FL 33445**

**Josephine A. Greco, Esq.**
**Greco Trapp, PLLC**
**1700 Rand Bldg., 14 Lafayette Sq.**
**Buffalo, NY 14203**