UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



JOANN R. KOZAK,

      Plaintiff,

v.

OFFICE DEPOT, INC.,

      Defendant.

16-CV-943
DECISION & ORDER

On November 23, 2016, the plaintiff, Joann R. Kozak, commenced this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; and the New York Human Rights Law ("NYHRL"). Docket Item 1. On January 17, 2017, the case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Docket Item 10. On March 9, 2018, Kozak moved to compel the production of certain documents by the defendant, Office Depot, Inc., Docket Item 29; on March 28, 2018, Office Depot responded, Docket Item 30; and on March 30, 2018, Kozak replied, Docket Item 33. On May 30, 2018, Judge McCarthy granted Kozak's motion in part and denied it in part. Docket Item 38.

On June 27, 2018, both parties objected to Judge McCarthy's decision. Docket Items 46 and 47. Office Depot objected on the grounds that the personnel files and earnings data of certain non-party employees were not sufficiently relevant to warrant production of such sensitive information. See Docket Item 46. Kozak objected on

grounds that Office Depot had not demonstrated that producing all employee complaints, as well as all earnings data through the resolution of the case, would be unduly burdensome; and that Office Depot should be required—not merely encouraged—to produce an affidavit certifying that certain requested information did not exist. *See* Docket Item 47. On July 17, 2018, each party responded to the other's objections, Docket Items 50 and 51, and on July 24, 2018, both sides replied, Docket Items 52 and 53.

This Court has carefully and thoroughly reviewed the record in this case, the objections and responses, and the materials submitted by the parties. Based on that review, the Court affirms Judge McCarthy's decision to grant the plaintiff's motion in part.

## DISCUSSION

## I. STANDARD OF REVIEW

Under Rule 72(a) of the Federal Rules of Civil Procedure, when a party timely objects to a magistrate judge's decision on a non-dispositive matter, "the district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (quoting *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).

"[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)

(quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). This standard "does not entitle a reviewing court to reverse . . . simply because it is convinced that it would have decided the case differently." *Id.* An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citation omitted).

"A party seeking to overturn a discovery order therefore bears a heavy burden." *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (citing *Com-Tech Assocs. v. Computer Assocs. Int'l,* 753 F. Supp. 1078, 1098-99 (E.D.N.Y. 1990), *aff'd,* 938 F.2d 1574 (2d Cir. 1991)). "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *Id.* (quoting *Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.*, 2002 WL 31309232, at *1 (S.D.N.Y. Oct.15, 2002)).

## II.  SCOPE OF DISCOVERY

The scope of discovery permitted under the Federal Rules of Civil Procedures is set forth in Rule 26(b)(1): "Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is [1] relevant to any party's claim or defense and [2] proportional to the needs of the case." *Id.* "Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Walker v. City of New York*, 2018 WL 1686102, at *2 (E.D.N.Y. Mar. 30, 2018) (quoting *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016)).

Information is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial." *Walker*, 2018 WL 1686102, at *2.

"[P]roportionality focuses on the 'marginal utility of the discovery sought' and requires a balancing of the multiple factors set forth in [Rule] 26(b)(1)." *Id.* (quoting *Vaigasi*, 2016 WL 616386, at *14). Those factors include:

> [i] the importance of the issues at stake in the action, [ii] the amount in controversy, [iii] the parties' relative access to relevant information, [iv] the parties' resources, [v] the importance of the discovery in resolving the issues, and [vi] whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

## III.   OFFICE DEPOT'S OBJECTIONS

### A.   Request for Production #1 (Personnel Files)

Office Depot first objects to Judge McCarthy's order that it produce certain personnel files. Docket Item 46 at 12-23. It argues that Kozak "has not met her burden of showing that the information in the personnel records that she seeks is relevant to the claims or defenses in this matter or [is] proportional to the needs of the case." *Id.* at 13. More specifically, it argues (1) that Judge McCarthy's order "does not consider the burden of producing confidential and sensitive documentation regarding non-parties without limitation" and (2) that Kozak "[h]as [n]ot [s]hown [t]hat [a]ny of [t]he [i]ndividuals

4

[s]he [i]dentifies [a]re [s]imilarly [s]ituated, or [o]therwise [c]omparators, to [h]er." *Id.* at 14, 16.

## 1. Background

In her first request, Kozak sought the personnel files of 33 identified non-parties, as well as those of "any individual" who both worked within Kozak's district during a specified time frame and (i) "was hired for, considered for, promoted to, demoted from, terminated from, and/or held the position of Assistant Store Manager, Store Manager I and/or Store Manager II"; (ii) was "managed by [Kozak]"; (iii) was "over 40 years old [and] was terminated or [had her] position . . . eliminated"; or (iv) "took a position last held by an employee over 40 years old." *See* Docket Item 29-2 at 4-7. Office Depot produced personnel files for Kozak, her supervisor, and Kozak's replacement. *See* Docket Item 29-1 at 3.

Kozak moved to compel production of the remaining personnel files because "[t]he individuals . . . are, by and large, . . . either similarly situated to [Kozak], supervisors of [Kozak], or individuals involved in the discriminatory behavior alleged by [Kozak]." *Id.* at 4. Judge McCarthy ordered as follows:

> With respect to the request for personnel files, obviously I'm cognizant of Rule 26. I'm also cognizant of Rule 1 that the parties haven't cited, but it kind of overarches everything, and that says the rule should be construed, administered, and employed by the [C]ourt and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. Now, in that regard—and I recognize, and I think the parties are aware, that the Court can direct that certain types of discovery be pursued before other types. But I do agree that in this case it makes little sense to launch into depositions without having as much document discovery as possible.
>
> My hope is that—first of all, I credit [Kozak's counsel] when she says that she's not interested in wasting her time in pursuing dead ends. And if a particular individual turns out based on the production of the file not to have

much to offer, I presume she's not going to pursue that individual. Or if she does, I'm not going to let her. So I think it does make sense to review the personnel files. I do think that a showing—a sufficient showing has been made of relevance for purpose of discovery, [ ]regardless of whether or not the showing would be sufficient for admissibility at trial. And I know the rule has slightly changed, but I still think that the personnel files of the listed individuals are relevant for purposes of discovery. I think a sufficient showing has been made with respect to affected employees that they are similarly situated.

And in that regard, I just note that—I mean, one of the cases that Office Depot cited was [*Lumhoo v. Home Depot USA, Inc.*, 229 F. Supp. 2d 121, 140 (E.D.N.Y. 2002)], and that had a detailed three-part test for similarly situated, although I believe that was in the summary judgment context. But in [*McGuiness v. Lincoln Hall*, 263 F.3d 49, 53-54 (2d Cir. 2001)], the Second Circuit said that that test is—is not the governing test. The employee, to be similarly situated, need not be identical. It's just that they need be similar in material respects.

I think at least for purposes of this motion a sufficient showing has been made, and again, as I said at the outset, I haven't seen a—really, any development of a burdensomeness argument by Office Depot. Whether the files are kept in computerized form or hard copy, it seems to me that there's been no showing that they can't be readily produced. My expectation would be that . . . somebody else from [the office of Kozak's counsel will] go through [the documents]. There will be some things they want, some things they don't want.

I think that to expect—[Office Depot's counsel] . . . suggested there could be more meet and confer, maybe specific portions could be produced, I just don't think [that is] at this point an efficient way to proceed. I think the most efficient way is to produce the files. [Kozak's] counsel can review them, see what they want. I just want to reiterate again that I have no reason to—I trust counsel, but I am very concerned with any employee that—what information's confidential to them, such as medical information and so forth, will be treated as such. And that nothing—I want to caution you, when it comes to filing anything in this case by way of a summary judgment motion or a trial or anything of that sort, I want you to proceed cautiously. When in doubt, approach the Court beforehand to see whether something should be filed publicly or filed under seal, and we can address it that way.

But I'm not—you've all got a number of cases, I've got a number of cases. I'm doing the best I can to resolve this in the way that I think is the most efficient and correct, and that's—that's my ruling with respect to the personnel files that have been requested.

Docket Item 45 at 28-31.

Office Depot objects to that order, claiming that "up to one hundred (100) non-party employees and former employees . . . would be subject to disclosure" under Judge McCarthy's order. Docket item 46 at 6 n.3.

## 2. Discussion

Kozak alleges that Office Depot discriminated against her on the basis of her gender, age, and alleged disability. *See* Docket Item 1. One means by which an employment-discrimination plaintiff may prove her claims is through evidence that the employer treated comparator individuals differently than it treated her. "When considering whether a plaintiff has raised an inference of discrimination by showing that she was subjected to disparate treatment, . . . the plaintiff must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (citation omitted). Whether two employees are "similarly situated in all material respects" is determined "based on (1) whether [they] were subject to the same workplace standards and (2) whether the conduct for which [they were] discipline[d] was of comparable seriousness." *Id.* at 40. "In other words, there should be an objectively identifiable basis for comparability. Hence, the standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical." *Id.* (citations omitted); *see also McGuinness*, 263 F.3d at 54 ("A plaintiff is not obligated to show disparate treatment of an *identically* situated employee. To the contrary, . . . it is sufficient that the employee to whom [the] plaintiff points be similarly situated in all material respects." (citation omitted)).

In light of these principles, it is clear that Judge McCarthy did not misstate the governing law in granting Kozak's request. Kozak may prove her case through evidence that similarly-situated individuals—not necessarily identically-situated—were treated differently by Office Depot. And Judge McCarthy did not clearly err in finding that Kozak has adequately articulated why the named individuals are similarly situated to her. *See* Docket Item 45 at 29-30. Moreover, Judge McCarthy appropriately balanced the parties' competing interests, as well as the need to move this case forward, in ordering Office Depot to produce information "that bears on . . . an[ ] issue that is or may be in [her] case," *Oppenheimer Fund*, 437 U.S. at 351, while also cautioning Kozak—repeatedly—that she protect non-parties' privacy interests by not pursuing irrelevant leads or mishandling the information. *See id.*

The same is true with respect to individuals who worked within Kozak's district during a specified time frame and (a) were "hired for, considered for, promoted to, demoted from, terminated from, and/or held the position of Assistant Store Manager, Store Manager I and/or Store Manager II"; (b) were "over 40 years old [and] [were] terminated or [had their] position . . . eliminated"; or (c) "took . . . position[s] last held by an employee over 40 years old." *See* Docket Item 29-2 at 6-7. Judge McCarthy did not clearly err in finding that such individuals are sufficiently situated, for purposes of discovery, and this Court will uphold his order that Office Depot produce these files.[1]

---

[1] Judge McCarthy's decision does not explicitly address Kozak's request for files of employees who were "managed by [Kozak]," *id.* at 6, and Kozak has not articulated how these individuals are similarly situated to her or how their files would assist in proving her case of discrimination. After all, Kozak's claim is brought against her employer—not against her former employees—and it is difficult to envision how such files might be relevant. "[T]he mere fact that a person may be a witness in a case does not automatically warrant access to their personnel file." *Raddatz v. Standard Register*

8

In sum, the Court upholds that part of Judge McCarthy's order which requires Office Depot to produce the personnel files referred to in subparagraphs *(a)*-*(kk)* and *(mm)*-*(nn)*. Judge McCarthy should rule explicitly on the request in subparagraph *(ll)*.

### B.    Requests for Production # 45-47 (Managers' Pay and Benefits Information)

Office Depot next objects to Judge McCarthy's order that it produce payroll records and W-2s for store managers in Kozak's district. *See* Docket Item 46 at 23-25. It argues that this request is "overly broad and seeks documents that are not relevant to the claims and defenses in this matter, nor proportional to the needs of the case." *Id.* at 23. More specifically, it argues that Kozak has not demonstrated that other store managers are similarly situated to her. *Id.* It also argues that Kozak's "argument is highly speculative and inapposite to the allegations in the [c]omplaint, where she has not set forth any allegations regarding unequal pay or disparate treatment based on pay." *Id.* at 24.

### 1.    Background

In her forty-fifth, forty-sixth, and forty-seventh requests, Kozak sought information related to "raises and/or bonuses," W-2 statements and other tax documents, and payroll records for all assistant store managers, "Store Managers I," and "Store Manager[s] II" in her district. *See* Docket item 29-2 at 22. Office Depot produced only Kozak's W-2 statements and payroll records. *See* Docket Item 29-1 at 11.

_____

*Co.*, 177 F.R.D. 446, 448 (D. Minn. 1997) (quoting *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995)). Therefore, Judge McCarthy should address this issue in the first instance.

Kozak moved to compel production of the remaining responsive information, arguing that the information is "relevant because [it] would show the disparity, if any, between the wages, raises and bonuses between older management employees and younger management employees, as well as between the female management employees and male management employees." *Id.* at 11-12. She further argued that she "is unable to properly calculate her lost wage claim since she does not know the wages of Store Managers and District Managers since her termination." *Id.*

Judge McCarthy ordered as follows:

> With respect to paragraphs 45, 46, and 47, I will allow—I will require that production but only from the time period January 1, 2012[. That] will be the begin date, because I see you've got some different dates in there. And again[,] I just reiterate my prior comments about the need to protect confidentiality, and certainly employees don't want the world knowing what they—what they make. And I assume everybody will abide by that.

> Whether—whether that information will end up being admissible is a question for another day. But I think for purposes of discovery, you've at least shown that it's relevant—sufficiently relevant for purposes of discovery.

Docket Item 45 at 60-61.

## 2.    Discussion

Judge McCarthy did not clearly err in ordering Office Depot to produce the requested information. As noted above, Kozak has adequately articulated, for the purposes of discovery, that the individuals whose compensation data she seeks are similarly situated to her. And as also noted above, Judge McCarthy has addressed concerns about confidentiality and has instructed the parties to "proceed cautiously" before publicly filing any sensitive information. *See* Docket Item 45 at 31.

To the extent Office Depot argues that production is inappropriate because Kozak has not brought a claim for unequal pay—that is, because she has not brought a separate claim under the Equal Pay Act, 29 U.S.C. § 206(d)(1)—it misses the mark. A plaintiff may use evidence of compensation discrimination to prove a claim under Title VII and the NYHRL. *See generally Lenzi v. Systemax, Inc.*, 944 F.3d 97, 108-11 (2d Cir. 2019). Kozak seeks to do so here. *See* Docket Item 1 at 17 (Kozak alleging that Office Depot violated Title VII when it "discriminated against [her] . . . with respect to her compensation"). The information Kozak seeks in her forty-fifth, forty-sixth, and forty-seventh requests therefore is relevant to her claims, and this Court upholds Judge McCarthy's order that Office Depot produce it.

## IV. KOZAK'S OBJECTIONS

### A. Requests for Production # 48 (District Employee Complaints)

Kozak first objects to Judge McCarthy's order that Office Depot produce employee complaints with respect to store and assistant store managers but not for all other employees. Docket Item 47 at 11-13. She argues that her request, which is limited to complaints from within her district, is "tailored . . . to ensure that production would not be unduly broad or burdensome." *Id.* at 12. And she argues that Office Depot "has not stated any reason why . . . the burden on it will increase in . . . also producing other similar complaints from within [Kozak's district]," given that Office Depot "ha[s] agreed to produce other complaints from [s]tore [m]anagers and [a]ssistant [s]tore [m]anagers." *Id.*

### 1. Background

In her forty-eighth request, Kozak sought "[a]ll documents pertaining to all claims of . . . sex discrimination, disability discrimination, harassment, hostile work environment, and retaliation made by any employee of [Office Depot] working within [Kozak's district during the specified time period]." Docket Item 29-2 at 22. Office Depot advised Kozak in writing that "no store Manager or Assistant Store Manager" filed a responsive complaint during the relevant time period. *See* Docket Item 50-2 at 2.

Judge McCarthy ordered as follows:

> I'm going to grant the request in part, with respect to the position of store manager or assistant store manager, not any other employee, and from the period January 2012 through the present. I want to come back in a moment and talk about, you know—at various points we say through the conclusion of this action. Well, that—we'll be chasing our tail on that. So we'll address that in a moment. But—so, any documents relating to claims of sex discrimination, disability discrimination, harassment, hostile work environment, and retaliation made by any store manager or assistant store manager in [Kozak's district] from January 2012 through the conclusion of discovery, okay?

Docket Item 45 at 67-68.

### 2. Discussion

Judge McCarthy did not clearly err in denying Kozak's motion to compel production of complaints made by all employees in Kozak's district. Kozak has not established that information related to non-management employees is relevant to her claim because she has not shown that such individuals are similarly situated to her. Therefore, Judge McCarthy's order appropriately balanced the parties' interests by ensuring Kozak's access to relevant information (that is, complaints by individuals similarly situated to Kozak) but not to information as to which relevancy had not been established (that is, complaints by dissimilar employees).

**B.      Requests for Production # 15, 18, 48 (Party Representative Affidavit)**

Kozak next argues that Judge McCarthy erred in ruling that Office Depot

"attempt" to provide a party affidavit certifying that Office Depot has either fully

responded or cannot respond to paragraphs 15, 18, and 48 of Kozak's request for

production.  *See* Docket Item 47 at 13.

### 1.      Background

Judge McCarthy ordered as follows:

> I'll direct that you attempt to get an affidavit from somebody just confirming
> that fact.  If you cannot, and if it turns out during discovery that there were
> other documents that, for whatever reason, were responsive to requests in
> 15 and 18 but weren't produced, we'll address it at that time, whether it will
> be in terms of costs or whatever.

Docket Item 45 at 44.

Office Depot stated in an affidavit filed July 17, 2018, that Kozak's objection "is

unnecessary because . . . [Office Depot] is preparing to provide the [requested]

affidavit." *See* Docket Item 50-1 at 3.  Kozak, in her reply of July 24, 2018, stated that

she had not received an affidavit.  *See* Docket Item 53 at 9-10.  This Court has not

received any update.

### 2.      Discussion

At this point, it appears that Office Depot will provide the requested affidavit, if it

has not done so already.  For that reason, this Court need not decide whether Judge

McCarthy clearly erred.  If and when it becomes clear that Office Depot will not provide

the requested document, Kozak should raise that issue in the first instance before

Judge McCarthy.

### C.    Requests for Production # 45-47 (Managers' Pay and Benefits Information)

Finally, Kozaks objects to Judge McCarthy's order that Office Depot produce managers' pay and benefits information only through the close of discovery, rather than through the close of trial. *See* Docket Item 47 at 14. Kozak argues that "[i]n order to prove damages . . . , Kozak is entitled to ongoing disclosure of [the requested information]." *Id.*

#### 1.    Background

Judge McCarthy ordered as follows:

> Now just, to go back and point of clarification. The time frame for production of the various documents, we know what the start date is—I mean, the time frame encompassed by the requests, which I think is going to be January 1st, 2012. Some of the requests say through conclusion of the action. I'm going to say it's going to be through conclusion of the deadline for completion of fact discovery . . . . [W]e have to draw the curtain down on fact discovery, and then—then you go to your experts, and we'll take it from there [with respect to damages discovery].

Docket Item 45 at 74.

#### 2.    Discussion

Judge McCarthy did not clearly err in limiting the scope of discovery to the close of discovery. On the contrary, he sensibly and practically explained that "we'll be chasing our tail" if a time frame is not set and that "we have to draw the curtain down on fact discovery" at some point. *See id.* at 67, 74. And he further explained that, should the case proceed to damages, Kozak could visit the issue again. *See id.* at 74. There is no error—let alone clear error—in that reasonable decision.

## CONCLUSION

For the reasons stated above, this Court affirms Judge McCarthy's decision on the plaintiff's motion to compel. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of January 17, 2017, Docket Item 10.

SO ORDERED.

Dated:     February 24, 2020
           Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE