UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOANN R. KOZAK,

        Plaintiff,

  v.                                        16-CV-00943-LJV-JJM
                                                DECISION & ORDER
OFFICE DEPOT, INC.,

        Defendant.
_____

      On November 23, 2016, the plaintiff, Joann R. Kozak, commenced this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; and the New York Human Rights Law ("NYHRL"). Docket Item 1. On January 17, 2017, the case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Docket Item 10.

      On March 9, 2018, Kozak moved to compel the production of certain documents by the defendant, Office Depot, Inc. ("Office Depot"), Docket Item 29. On May 30, 2018, Judge McCarthy orally granted that motion in part and denied it in part. *See* Docket Item 38, 45. This Court affirmed that decision on February 23, 2020. Docket Item 55. In doing so, it noted that "Judge McCarthy's decision d[id] not explicitly address Kozak's request for files of employees who were 'managed by [Kozak]'" and directed him to do so. *Id.* at 8 n.1 (quoting Docket Item 29-2 at 6). On June 22, 2020, Judge McCarthy denied that final request. Docket Item 62.

On July 13, 2020, Kozak objected to Judge McCarthy's decision. Docket Item 67. On July 27, 2020, Office Depot responded, Docket Item 68, and on August 3, 2020, Kozak replied, Docket Item 69.

This Court has carefully and thoroughly reviewed the record in this case; the objection, response, and reply; and the materials submitted to Judge McCarthy. Based on that review, the Court affirms Judge McCarthy's decision to deny Kozak's motion.

## **LEGAL PRINCIPLES**

### I.  STANDARD OF REVIEW

Under Rule 72(a) of the Federal Rules of Civil Procedure, when a party timely objects to a magistrate judge's decision on a non-dispositive matter, "the district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). "Matters concerning discovery generally are considered 'non[-]dispositive' of the litigation." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (quoting *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).

"[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). This standard "does not entitle a reviewing court to reverse . . . simply because it is convinced that it would have decided the case differently." *Id.* An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citation omitted).

2

"A party seeking to overturn a discovery order therefore bears a heavy burden." *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (citing *Com-Tech Assocs. v. Computer Assocs. Int'l*, 753 F. Supp. 1078, 1098-99 (E.D.N.Y. 1990), *aff'd,* 938 F.2d 1574 (2d Cir. 1991)). "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *Id.* (quoting *Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.*, 2002 WL 31309232, at *1 (S.D.N.Y. Oct.15, 2002)).

## II.  SCOPE OF DISCOVERY

The scope of discovery permitted under the Federal Rules of Civil Procedures is set forth in Rule 26(b)(1):  "Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is [1] relevant to any party's claim or defense and [2] proportional to the needs of the case."  *Id.*  "Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate."  *Walker v. City of New York*, 2018 WL 1686102, at *2 (E.D.N.Y. Mar. 30, 2018) (quoting *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016)).

Information is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v.*

3

*Sanders*, 437 U.S. 340, 351 (1978).  "Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial."  *Walker*, 2018 WL 1686102, at *2.

"[P]roportionality focuses on the 'marginal utility of the discovery sought' and requires a balancing of the multiple factors set forth in [Rule] 26(b)(1)."  *Id.* (quoting *Vaigasi*, 2016 WL 616386, at *14).  Those factors include:

> [i] the importance of the issues at stake in the action, [ii] the amount in controversy, [iii] the parties' relative access to relevant information, [iv] the parties' resources, [v] the importance of the discovery in resolving the issues, and [vi] whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

## DISCUSSION

### I. BACKGROUND

In her first request, Kozak sought the personnel files of 33 identified non-parties, as well as those of "any individual" who both worked within Kozak's district during a specified time frame and (i) "was hired for, considered for, promoted to, demoted from, terminated from, and/or held the position of Assistant Store Manager, Store Manager I and/or Store Manager II"; (ii) was "managed by [Kozak]"; (iii) was "over 40 years old [and] was terminated or [had her] position . . . eliminated"; or (iv) "took a position last held by an employee over 40 years old."  *See* Docket Item 29-2 at 4-7.  Office Depot produced personnel files for Kozak, her supervisor, and Kozak's replacement.  *See* Docket Item 29-1 at 3.

Kozak moved to compel production of the remaining personnel files because "[t]he individuals . . . are, by and large, . . . either similarly situated to [Kozak], supervisors of [Kozak], or individuals involved in the discriminatory behavior alleged by

4

[Kozak]." *Id.* at 4.  Judge McCarthy ordered Office Depot to produce all files responsive to sub-requests (i), (iii), and (iv), but he did not address sub-request (ii)—employees who were "managed by [Kozak]."  *See* Docket Item 45 at 28-31.  This Court affirmed Judge McCarthy's order and also directed him to address the outstanding request. Docket Item 55 at 6-8 & 8 n.1.

Judge McCarthy subsequently denied Kozak's motion to compel production of documents responsive to sub-request (ii).  Docket Item 62.  He explained that "whatever knowledge these employees have about [Kozak's] job performance would not be documented in their personnel files. . . .  Given the nature of the information sought . . . [Kozak] should utilize other discovery tools, such as depositions, to obtain additional evidence."  Docket Item 62 at 3 (second alteration in original) (quoting *Dzanis v. JPMorgan Chase & Co.*, No. 10 Civ. 3384(BSJ)(JLC), 2011 WL 5979650 (S.D.N.Y. Nov. 30, 2011)).

## II.    JUDGE MCCARTHY DID NOT CLEARLY ERR.

Kozak argues that Judge McCarthy erred because "the personnel records of those store associates who[m] she managed [are required to] demonstrate that there was no basis" for her supervisor's allegations, contained in certain disciplinary reports, that Kozak behaved inappropriately toward subordinates.  Docket Item 67 at 4. Discrediting the charges in the disciplinary reports is critical to her case, Kozak says, because the charges were (1) motivated by her supervisor's efforts to cover up his sexual harassment and (2) ultimately led to Kozak's termination.  *Id.* at 46.

Judge McCarthy did not commit error, let alone clear error, in denying Kozak's request.  Kozak has not shown that the information contained in these documents

5

"bears on . . . an[ ] issue that is or may be in [her] case," *Oppenheimer Fund*, 437 U.S. at 351.  Kozak asserts that the records contain "a multitude of relevant information," including "performance assessments/reviews, discipline, salary history, performance improvement plans, performance notations, accolades, commendations, . . . awards[,] . . . exit interviews, . . . [and e]mployee schedules."  Docket Item 67 at 9-10.  The Court, however, is at a loss to see how any of this information is relevant to Kozak's claim that her supervisor fabricated allegations in *her* disciplinary documents.  Kozak does not assert, for example, that a given employee's personnel file would contain that employee's complaints *about her supervisor*.  On the contrary, the only discipline-related information likely to be found in a personnel file would be related to that employee.[1]  So any complaints about Kozak would be found in *her* file, which the defendant already has produced.

What is more, even if these files might include information with some *limited* relevance to Kozak's claims—for example, as she argues, "comments relative to [her] performance as [a] supervisor," *see* Docket Item 69 at 6-7; Docket Item 69-1 at 6-7—disclosure of these files would not be not proportional.  For the reasons discussed above, opinions held by Kozak's former employees about Kozak's performance are not

---

[1] Although Kozak states that her subordinate's files would contain "[d]ocuments in which store associates are provided an opportunity to comment on . . . [her] performance as a store manager, including but not limited to performance assessments/reviews, performance improvement plans, and exit interviews," Docket item 67 at 9-10, defense counsel submitted a declaration stating that "[p]ersonnel files . . . do not contain documentation of any complaints that the employee may have made . . . or documentation of any exit interviews, if conducted," *see* Docket Item 68-1 at 4 (declaration of Pamela S.C. Reynolds, attorney for Office Depot) (citation omitted). "The [C]ourt is entitled to rely on the representations of counsel, as [an] officer[ ] of the court."  *United States v. Johns*, 336 F. Supp. 2d 411, 424 (M.D. Pa. 2004).

6

*central* to Kozak's claim of sexual harassment by her supervisor, even if she believes they may be *relevant*. And to the extent these opinions are relevant, there appears minimal—if any—marginal benefit to accessing them through Kozak's proposed method rather than through alternative ones; that is, it appears Kozak would acquire far more useful insight into this issue through interrogatories or depositions than through reviewing the entire contents of individuals' personnel files.

The availability of an alternative means to get the desired information is significant for another reason as well: As Judge McCarthy noted, Docket Item 62 at 2-3, the serious privacy concerns at issue separately counsel against granting Kozak's request.

> [T]he very act of disclosing an employee's sensitive and personal data is a highly, and frequently, an unnecessarily intrusive act—whether or not that disclosure is governed by the terms of a [c]onfidentiality [o]rder. The intrusiveness of the act rests in disclosure to anyone, and the fact that the information may not be openly publicized brings little comfort to the co-employee, whose most private confidences are needlessly divulged. [For that reason], to order the production of such non-party employee files—even under the restrictions of a [p]rotective [o]rder—is not a step which the Court should lightly undertake.

*Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 447-48 (D. Minn. 1997).[2] To the extent Kozak seeks to discredit her supervisor's allegations, she should therefore—as

---

[2] Kozak devotes significant space to criticizing Judge McCarthy's and this Court's reliance on *Raddatz*. *See* Docket Item 69 at 3-5. Of course, *Raddatz* is not binding on this Court, but that fact hardly renders the case inapposite. And the propositions for which this Court has cited it are not radical. For instance, Magistrate Judge Hugh B. Scott, in resolving a discovery dispute brought in a different matter but also by Kozak's counsel, stated:

> Employment discrimination plaintiffs often seek personnel records of employees not directly involved in the suit in order to develop information needed to make a comparison between the employment situations of those employees and those of the plaintiff. However, the required production during pretrial discovery of personnel records of non-party employees—

7

Judge McCarthy advised—do so through less intrusive means such as serving interrogatories on, or conducting depositions of, former subordinates.

Because the Court finds that the requested documents are neither relevant to Kozak's claims nor proportional to the burdens production would impose, it need not address Judge McCarthy's alternate finding that, regardless of the documents' relevance, they already were provided in response to other requests.  *See* Docket Item 62 at 3.

---

which records invariably contain sensitive medical, financial and other information of a highly personal nature—is not generally favored.

*Osucha v. Alden State Bank*, No. 17CV1026V, 2019 WL 6783289, at *4 (W.D.N.Y. Dec. 12, 2019) (quoting *Palmer v. N.Y.S. Office of Court Admin.*, No. 5:00-CV-0110 (FJS/GAL), 2009 WL 1118271, at *1 & n.1 (N.D.N.Y. Apr. 27, 2009)); *see also Croom v. W. Ct. State Univ.*, No. CIV. 3:00CV1805(PCD), 2002 WL 32503667, at *2 (D. Conn. Mar. 20, 2002) ("[The p]laintiff's third request for discovery is a blanket request for production of the personnel files of non-parties.  The confidentiality issues associated with such a request renders an order compelling production imprudent in the absence of some showing that the information sought is relevant.  Having failed to identify what information is sought from the personnel files and how the information is sought is relevant to his claims, the request for production appears to be little more than a fishing expedition.  [The d]efendant's objection to plaintiff's third request for discovery is sustained." (citing *Raddatz,* 177 F.R.D. at 448) (additional citations omitted)).  The Court therefore rejects any argument that it improperly cited *Raddatz* for the proposition that courts should consider the privacy interests of non-parties whose information is sought for purposes other than developing comparators.

## **CONCLUSION**

For the reasons stated above, this Court affirms Judge McCarthy's decision to deny the plaintiff's motion to compel. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of January 17, 2017, Docket Item 10.


SO ORDERED.


Dated: September 28, 2020
Buffalo, New York

                                          */s/ Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE