UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOANN R. KOZAK,

        Plaintiff,

    v.                                    16-CV-943-LJV-JJM
                                                DECISION & ORDER

OFFICE DEPOT, INC.,

        Defendant.
_____

        On November 23, 2016, the plaintiff, Joann Kozak, filed a complaint asserting various employment discrimination claims against her former employer, Office Depot, Inc. Docket Item 1. About two months later, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 10. Since that time, the parties have engaged in lengthy discovery.

        On May 26, 2023, Kozak moved for sanctions under Federal Rule of Civil Procedure 37(b) due to Office Depot's alleged failure to comply with discovery orders. Docket Item 134. More specifically, Kozak asked this Court to strike Office Depot's answer and to enter a default judgment against it. *See id.* In the alternative, Kozak asked for an order extending discovery deadlines and compelling additional discovery from Office Depot. *See id.* On June 16, 2023, Office Depot cross-moved for sanctions against Kozak for, "among other things, . . . filing a motion to strike [Office Depot's] answer." Docket Item 136 at 1 (capitalization removed).

        On July 20, 2023, Judge McCarthy denied both motions "without prejudice to possible renewal at a later time, if appropriate." Docket Item 142 at 1. More

specifically, Judge McCarthy reasoned that he could better assess whether sanctions were warranted "in the context of a summary judgment motion" because the significance of Office Depot's alleged noncompliance would be clearer at that point. *See id.* at 3-4.

Eight days after issuing that order, Judge McCarthy held a status conference with the parties to "discuss and set [a] briefing schedule for dispositive motions." Docket Item 143. At that conference, counsel for both parties "agreed" that Office Depot's "motion for summary judgment shall be filed by September 13, 2023." Docket Item 144 (July 28 text order reflecting that the motion deadline was "agreed to by counsel at today's telephonic conference").[1] The parties also "agreed" that Kozak's response would be filed by October 25, 2023, and that Office Depot's reply would be filed by November 3, 2023. *Id.*

Six days after that, and despite the parties' "agree[ment]" on that briefing schedule, Kozak objected to Judge McCarthy's decision and moved to stay the summary judgment briefing schedule. Docket Items 145, 146. She says that Judge McCarthy erred in "denying [Kozak's] motion in its entirety." Docket Item 145 at 4 (capitalization removed). And she says that "[s]taying the proceedings will [] allow [her] to obtain a final ruling" on her motion for sanctions "prior to being forced to oppose summary judgment without documents to which she is entitled and whose production has been ordered." *Id.* at 20.

---

[1] Kozak does not contest that she did not agree to the briefing schedule in her motion to stay the briefing schedule. *See* Docket Item 146.

2

Kozak's request for a stay of the "agreed"-upon briefing schedule is denied.[2] As an initial matter, Judge McCarthy did not deny Kozak's motion altogether. Instead, he said—more than once—that he was denying that motion "without prejudice to possible renewal." Docket Item 142 at 4; *see also id.* at 1. So while Kozak lobs a litany of challenges to Office Depot's conduct in this case in arguing that her motion for sanctions should be granted, *see* Docket Item 145, she remains free to renew those arguments before Judge McCarthy, who indicated multiple times that he is willing to entertain them, *see* Docket Item 142 at 1, 4.

And as Judge McCarthy noted, "[a]mong the factors to be considered in determining what sanction is appropriate" under Rule 37 "for a willful failure to make discovery [is] the importance of the information sought." Docket Item 142 at 4 (quoting *Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 2010 WL 3420741, at *4 (W.D.N.Y. July 23, 2010), *adopted*, 2010 WL 3420730 (W.D.N.Y. Aug. 23, 2010)). So Judge McCarthy reasonably concluded that he could better assess whether sanctions are warranted—especially the litigation-ending sanction of a default judgment—when he has a clearer picture of how Office Depot's purported noncompliance hinders Kozak's case. Finally, while Kozak argues that she should not have to oppose Office Depot's summary judgment motion without further discovery, Docket Item 145 at 20, the Federal Rules of Civil Procedure contemplate that a party may oppose a motion for summary judgment by "show[ing] by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify [her] opposition." Fed. R. Civ. P. 56(d). And if a

---

[2] The Court does not pass on the substance of Kozak's objection to Judge McCarthy's decision at this time.

3

party makes that showing, a court may "defer considering the motion[,] deny it," or "allow time to . . . take discovery." *Id.*

For all those reasons, this Court does not agree that a stay of the summary judgment briefing schedule "is appropriate and in the interest of judicial economy." Docket Item 145 at 20.  Kozak's motion to stay the briefing schedule therefore is denied.

## **CONCLUSION**

For the reasons stated above, Kozak's motion to stay the summary judgment briefing schedule, Docket Item 146, is DENIED.  If necessary, the Court will set a briefing schedule on Kozak's objection, Docket Item 145, after Judge McCarthy's report and recommendation on Office Depot's forthcoming motion for summary judgment, his report and recommendation on any renewed motion for sanctions, and any objections to those recommendations.

SO ORDERED.

Dated:  August 11, 2023
        Buffalo, New York


　　　　　　　　　　　　　　　　　　　 */s/ Lawrence J. Vilardo*
　　　　　　　　　　　　　　　　　　　LAWRENCE J. VILARDO
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE