UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOANN R. KOZAK,

        Plaintiff,

   v.                                 16-CV-943-LJV-JJM
                                          DECISION & ORDER

OFFICE DEPOT, INC.,

        Defendant.

---

On November 23, 2016, the plaintiff, Joann R. Kozak, commenced this action under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law ("NYSHRL"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"). Docket Item 1. On January 17, 2017, the case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 10.

On September 27, 2023, the defendant, Office Depot, Inc., moved for summary judgment. Docket Item 156. After Kozak responded, Docket Item 159, Office Depot replied and moved to strike the declarations of Kozak and her attorney, Docket Items 169 and 170.

On May 15, 2024, Judge McCarthy issued a Report and Recommendation ("R&R") finding that Office Depot's motion to strike should be denied and that its motion for summary judgment should be granted in part and denied in part. Docket Item 187. More specifically, Judge McCarthy found that the motion for summary judgment should be denied as to Kozak's hostile work environment claim but otherwise granted. *Id.*

Kozak objected to the portions of the R&R that recommended granting summary judgment. Docket Item 192. Office Depot then responded, Docket Item 194, and Kozak replied, Docket Item 197. Office Depot subsequently filed a notice of supplemental authority regarding *Flanagan v. Trader Joe's E., Inc.*, 2025 WL 18151 (2d Cir. Jan. 2, 2025) (summary order), Docket Item 198, and Kozak responded to that submission, Docket Item 199.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review de novo those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R, as well as the objection, response, reply, and submissions regarding supplemental authority; it also has reviewed the record in this case, including the materials submitted to Judge McCarthy. Based on that de novo review, the Court accepts and adopts Judge McCarthy's recommendation to deny the motion to strike, and it accepts in part and modifies in part Judge McCarthy's recommendation regarding the motion for summary judgment. More specifically, this Court agrees with Judge McCarthy that summary judgment should be denied as to the hostile work environment claim and granted as to the age discrimination claim and the disability discrimination claim; it also agrees that Kozak's Rule 56(d) application should be denied. But the Court finds that Office Depot's motion should be denied as to the claims of sex discrimination and retaliation.

## LEGAL PRINCIPLES

"A motion for summary judgment may be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Soto v. Gaudett*, 862 F.3d 148, 157 (2d Cir. 2017) (quoting Fed. R. Civ. P. 56(a)). "Summary judgment is appropriate when 'there can be but one reasonable conclusion as to the verdict,' i.e., 'it is quite clear what the truth is,' and no rational factfinder could find in favor of the nonmovant." *Id.* (first quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986), then quoting *Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 467 (1962)). Conversely, "[s]ummary judgment should be denied if, when the party against whom summary judgment is sought is given the benefit of all permissible inferences and all credibility assessments, a rational factfinder could resolve all material factual issues in favor of that party." *Id.* "In deciding such a motion, the court cannot properly make credibility determinations or weigh the evidence." *Id.*

## DISCUSSION

The Court assumes the reader's familiarity with the factual background of this case and Judge McCarthy's analysis in the R&R. *See* Docket Item 187.

## I.    MOTION TO STRIKE, HOSTILE WORK ENVIRONMENT CLAIM, AND DISABILITY DISCRIMINATION CLAIM

Neither party objected to Judge McCarthy's recommendations (1) that Office Depot's motion to strike should be denied, (2) that Office Depot's motion for summary judgment should be denied as to Kozak's hostile work environment claim, and (3) that Office Depot's motion for summary judgment should be granted as to Kozak's disability

discrimination claims.  This Court therefore need not review those findings.  *See*

*Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  In any event, however, this Court agrees

with Judge McCarthy's analysis on these issues and adopts his recommendation on

these claims.

## II.     AGE DISCRIMINATION CLAIM

Under the ADEA, it is "unlawful" for employers to "fail or refuse to hire,"

"discharge," or "otherwise discriminate against" an employee or potential employee

"because of [that] individual's age."[1]  29 U.S.C. § 623(a)(1); *see Trans World Airlines,*

*Inc. v. Thurston*, 469 U.S. 111, 120 (1985) ("Section 4(a)(1) of the [ADEA] proscribes

differential treatment of older workers with respect to a privilege of employment."

(alterations, citation, and internal quotation marks omitted)).  To defeat a summary

judgment motion on an ADEA claim, the plaintiff must present "sufficient evidence upon

which a reasonable jury could conclude by a preponderance of the evidence that her

age was a 'but for' cause of [the defendant's] decision to fire her."  *Gorzynski v. JetBlue*

*Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010).  Claims of age discrimination under the

NYSHRL "are analyzed under the same framework as age discrimination claims

brought pursuant to the ADEA."  *Braun v. Adm'rs for the Pros., Inc.*, 2018 WL 3597504,

at *7 (E.D.N.Y. July 26, 2018).

Judge McCarthy found that even when "[r]ead in a light most favorable to Kozak,

the record as a whole demonstrates that there is insufficient evidence from which a juror

could reasonably conclude that Kozak's age was a motivating factor for her termination,

---

[1] The ADEA applies only to "individuals who are at least 40 years of age."  29 U.S.C. § 631(a).

much less the 'but for' cause," as is required to prove age discrimination.  Docket Item
187 at 53.  This Court agrees.

In her objection, Kozak argues that "[a] reasonable juror could find that [her
manager, Scott] McGovern had a discriminatory motive and was not only a participant in
the decision to terminate Kozak but was integral to and proximately caused the decision
to terminate her."  Docket Item 192 at 18.  But there is no indication that McGovern had
any discriminatory motive *based on Kozak's age*.

As Judge McCarthy observed, "there is no evidence that . . . a reduction in
workforce plan played any role in [Kozak's] termination."  Docket Item 187 at 49.
Moreover, the employees Kozak identified as comparators were not similarly situated.
*See id.* at 50-52.  And the mere fact that Kozak was replaced by a younger worker
cannot alone save her claim.  *See Strohmeyer v. Int'l Brotherhood of Painters & Allied
Trades*, 989 F. Supp. 455, 460 (W.D.N.Y. 1997) ("It is not a violation of the [ADEA] to
replace an employee in the protected class with a younger person, as long as the
protected employee is not replaced because of h[er] age."), *aff'd*, 164 F.3d 619 (2d Cir.
1998); *Coleman v. Prudential Relocation*, 975 F. Supp. 234, 242 (W.D.N.Y. 1997) ("If
plaintiff's case could survive a summary judgment motion merely because her duties
were assumed by a younger person, that would mean that virtually every employee over
forty years old [who was terminated and whose duties were assigned to someone
younger] could state an age claim that would withstand summary judgment." (citation
and internal quotation marks omitted)).

Simply put, there is no evidence from which a reasonable juror could conclude
that Kozak was fired because of her age.  This Court therefore agrees with Judge

McCarthy that Office Depot's motion for summary judgment should be granted on Kozak's age discrimination claim.[2]

### III.    SEX DISCRIMINATION CLAIM

Kozak's sex discrimination claim is a different story, however.  Title VII prohibits an employer from discharging "any individual, or otherwise . . . discriminat[ing] against any individual[,] . . . because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a)(1).  "To succeed on a Title VII disparate treatment claim, a plaintiff must prove 'discrimination either by direct evidence of intent to discriminate' or, more commonly, by 'indirectly showing circumstances giving rise to an inference of discrimination.'"  *Bart v. Golub Corp.*, 96 F.4th 566, 569 (2d Cir. 2024) (quoting *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 270 (2d Cir. 2023)).  "When only circumstantial evidence of discriminatory intent is available, courts use the *McDonnell Douglas* burden-shifting framework to assess whether the plaintiff has shown sufficient evidence of discrimination to survive summary judgment."  *Id.*; *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

"A plaintiff's first step under *McDonnell Douglas* is to establish a prima facie case of discrimination by showing that '(1) she is a member of a protected class; (2) she is

---

[2] Judge McCarthy also found that Kozak "fail[ed] to raise a material issue of fact as to whether the reasons given by Office Depot for her termination were false, unworthy of belief, implausible, or motivated (in whole or even in part) by discrimination."  Docket Item 187 at 45.  As explained below, this Court respectfully disagrees with Judge McCarthy's conclusion that there is no material issue of fact precluding summary judgment on pretext with respect to Kozak's sex discrimination claim.  But that does not mean that Kozak has shown that the given reason was a pretext *for age discrimination*.  There is simply no evidence from which a jury could infer a causal nexus between Kozak's age and her termination.

qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination.'" *Bart*, 96 F.4th at 570 (quoting *Banks*, 81 F.4th at 270). "The burden at this stage 'is not onerous.'" *Id.* (quoting *Banks*, 81 F.4th at 270).

"Once the plaintiff has established a prima facie case, the burden shifts to the employer to 'articulate some legitimate, nondiscriminatory reason' for its adverse action." *Id.* (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015)). "Upon that showing, the burden then shifts back to the plaintiff to prove that the employer's stated reason was pretext for discrimination." *Id.* "[A] plaintiff can satisfy that third-stage burden either by showing (1) that the employer's stated reason is false and merely a pretext for discrimination, or (2) that the employer's stated reason, although factually accurate, is not the only reason, because the employer's decision was also attributable to an impermissible consideration." *Id.* at 577. An inference of discrimination can be drawn from "the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the [adverse employment action]." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir. 2001) (quoting *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994)); *see also Sassaman v. Gamache*, 566 F.3d 307, 314-15 (2d Cir. 2009) ("The failure of an employer to conduct an adequate investigation or to undertake an appropriate response can constitute evidence in support of a Title VII plaintiff's allegations.").

Here, as Judge McCarthy observed, "[t]he crux of the parties' dispute turns on whether Kozak has established a triable issue of fact that the purported reason for her termination was pretextual." *Id.* at 42. Office Depot says that Kozak was fired because its investigation determined that she had made false claims—including claims of sexual harassment—against McGovern. Among other things, her termination email stated:

> To misrepresent facts and make a false claim against any associate, let alone your supervisor, is dishonest and unprofessional. Additionally, your continuous attempts to promote your false claim by repeatedly calling associates and managers even after we requested you stop, impeded our internal investigation. Your actions have been unethical and unprofessional and violate our Code of Ethical Conduct and will not be tolerated. As a result, your employment is hereby terminated, effective immediately.

Docket Item 187 at 18-19 (quoting Docket Item 156-1 at 86). So the question is this: has Kozak raised a triable issue of fact as to whether this purported reason was a pretext for discrimination?

Judge McCarthy "agree[d] with Kozak that McGovern's conduct toward her and evaluation of her performance changed abruptly after [McGovern] told Kozak that he liked her but she did not reciprocate." *Id.* at 53. And "[g]iving Kozak every favorable inference," Judge McCarthy determined, "a juror could reasonably conclude that McGovern then took steps (e.g., the DSMs [DSM Store Visit Guides], PIP [Performance Improvement Plan], and PCD [Performance Correction Document]) to lay a foundation for a possible termination, demotion, or other adverse employment action against Kozak." *Id.* In other words, Judge McCarthy found that Kozak's supervisor, McGovern, began to treat and evaluate her differently at work—and to set her up for demotion or firing—after McGovern learned that Kozak was not interested in a relationship with him.

But Judge McCarthy concluded that "these steps were ultimately unrelated to the reason for Kozak's termination." *Id.* "Although McGovern was a participant in the May

27, 2015 incident that triggered the chain of events leading to Kozak's termination,"
Judge McCarthy explained, "Kozak offers no evidence that [McGovern] was involved in
the decision to terminate her." *Id.* at 53-54. Instead, "[t]hat decision was made by
others, with no alleged gender animus, and based on accusations made by [another
employee, Carol] Cannon, who also lacked any alleged discriminatory animus, that
were wholly unrelated to the performance issues identified by McGovern in the DSMs,
PCD, or PIP." *Id.* at 54. Respectfully, this Court disagrees.

According to Kozak, when she met with McGovern to receive her PIP and PCD
evaluations on May 27, 2015, McGovern began "yelling very, very loudly." Docket Item
159-3 at ¶ 46. McGovern then "blocked the door with his chair" and "would not let
[Kozak] leave the office." *Id.* "He took the PCD and PIP he was angrily shaking at
[Kozak] in his fist, threw them on the desk[,] and told [her] to sign this." *Id.* "He yelled:
'You sit down or you're fired.'" *Id.* Kozak "was very fearful and signed." *Id.* Afterwards,
he told her not to "tell anybody what happened in this room." *Id.*

The next day, Kozak went to work but was too upset to enter the building. *Id.* at
¶ 48. So she reported to the Buffalo Police that McGovern had "trap[ped] her in the
office[ ] . . . and refused to let her leave[] [f]or approximately [30] minutes[,] . . . . verbally
abuse[d] her[,] and force[d] her to sign paperwork she did not agree with." Docket Item
156-1 at 163. She also submitted a complaint to Office Depot's HR department.
Docket Item 159-3 at ¶ 48.

Not surprisingly, McGovern had a very different recollection of the May 27
meeting. *See* Docket Item 156-1 at 178-79; Docket Item 159-10 at 46. Cannon also
provided a written statement, which made a variety of claims against Kozak, including

that Kozak had a drinking problem and had asked Cannon to lie for Kozak. Docket Item 156-1 at 169-74. Ultimately, Office Depot's Director of HR—Mary Bryan—credited McGovern's and Cannon's version of the facts and determined that Kozak had lied about what happened.

Kozak asserts that there were major deficiencies in the investigation—deficiencies that might well support an inference of discriminatory animus. *See* Docket Item 192 at 26; *cf. Sassaman*, 566 F.3d at 314 ("The allegation that defendants made minimal—if any—efforts to verify [an employee]'s accusations could be construed by a reasonable jury as further evidence that [the plaintiff]'s forced resignation occurred under circumstances giving rise to an inference of discriminatory intent."). For example, Kozak says that Bryan did not interview her or McGovern—the only two people present for the incident in McGovern's office.[3] *See* Docket Item 192 at 26. Instead, Kozak says, "Bryan accepted as credible McGovern's self-serving written version of events, which never discussed sexual harassment." *Id.* at 27.

This Court agrees with Kozak that—viewing the facts in her favor—there is a material question of fact as to whether Office Depot's rationale for firing her was a pretext. More specifically, if a jury were to credit Kozak, they could reasonably conclude that the investigation was a "sham"; from that, the jury could infer animus on the part of Bryan. Indeed, because Kozak's alleged rejection of McGovern's advances set in motion a series of events and decisions that at least temporally led to Kozak's termination, that inference is common sense.

---

[3] Although there are some conflicting facts on this point, viewing those facts in the light most favorable to Kozak, the Court concludes for the purposes of this motion that neither was interviewed.

It is true, as Judge McCarthy observed, that courts are not super-personnel departments, and, therefore, "'the *reliability* of the evidence supporting [the employer's] conclusions' is not the critical issue." Docket Item 187 at 43, 46 (quoting *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006)). That is "because '[i]n a discrimination case . . . [the court is] decidedly not interested in the truth of the allegations against [the] plaintiff[,'] but rather 'in what *motivated* the employer." *Id.* at 46 (internal quotation marks omitted) (quoting *McPherson*, 457 F.3d at 216). Thus, "[w]hat matters is that [the employer] relied on the results of its investigation—flawed or not—as the basis to terminate [the plaintiff's] employment." *Leiner v. Fresenius Kabi USA, LLC*, 2019 WL 5683003, at *8 (W.D.N.Y. Nov. 1, 2019).

So if, for example, Kozak had been fired because of her alleged drinking problem—wholly apart from and unrelated to her sexual harassment allegations—that would be a different story. In that instance, this Court would not delve into the reliability of the evidence demonstrating a drinking problem or the believability of the witnesses. *Cf. Flanagan,* 2025 WL 18151, at *2 (finding that plaintiff had "fail[ed] to raise a genuine dispute that the reason Trader Joe's proffered for her termination"—her "recent performance" and her "decision to take vacation during a critical period when Trader Joe's struggled to deal with the consequences of the COVID-19 outbreak in mid-March 2020"—was pretext (internal quotation marks omitted)). Here, by contrast, Kozak's claim of sexual harassment—about which Judge McCarthy and this Court found material questions of fact that preclude summary judgment on the claim of a hostile work environment—is inextricably intertwined with the reason for her firing. And if the jury believes Kozak about what happened but discredits Bryan's claims about the

11

thoroughness of her investigation, it could reasonably conclude that Kozak was fired not because she falsely accused her supervisor but because she was a woman who accused her male boss of misconduct and sexual harassment.

Thus, this Court respectfully disagrees with Judge McCarthy and denies Office Depot's motion for summary judgment with respect to Kozak's Title VII sex discrimination claim.

## IV.    RETALIATION CLAIM

Like discrimination claims, "retaliation claims [under Title VII and the NYSHRL] are governed by the *McDonnell Douglas* burden-shifting analysis." *Concepcion v. City of New York*, 2016 WL 386099, at *18 (S.D.N.Y. Jan. 29, 2016), *aff'd*, 693 F. App'x 31 (2d Cir. 2017). To establish a prima facie case, the plaintiff must demonstrate: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (quoting *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005)). "Once the plaintiff has established a prima facie showing of retaliation, the burden shifts to the employer to articulate some legitimate, non-retaliatory reason for the employment action." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013). The burden then shifts back to the plaintiff to show that the reason is pretextual. *Id.* "A plaintiff may prove that retaliation was a but-for cause of an adverse employment action by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action." *Id.* at 846.

As explained above, Office Depot's proffered non-discriminatory reason for firing Kozak was that she had made false accusations of harassment against her supervisor and then "attempt[ed] to promote [her] false claim by repeatedly calling associates and managers even after [Office Depot] requested [that she] stop."[4]  *See* Docket Item 156-1 at 86.  Thus, there is clearly a link between Kozak's protected activity—complaining about her supervisor's sexually harassing her—and her termination.[5]  Of course, if a jury believes Office Depot's witnesses and finds that Kozak did in fact make up the allegations, then her firing would be based on a legitimate non-discriminatory reason and would not be retaliation for protected activity.  But, as with Kozak's sex discrimination claim, viewing all facts and drawing all inferences in her favor, a jury could reasonably conclude that the real reason she was fired was because she made a genuine complaint against her supervisor.

Thus, this Court respectfully disagrees with Judge McCarthy and denies Office Depot's motion for summary judgment with respect to Kozak's retaliation claim.

## V.    RULE 56(D) APPLICATION

Finally, Judge McCarthy denied Kozak's request for additional discovery, which he construed as a request under Federal Rule of Civil Procedure 56(d).  *See* Docket

---

[4] Cannon also reported that Kozak had been drinking at work, *see* Docket Item 156-1 at 173, but there is no indication from the termination email that Kozak's alleged drinking was a basis for her termination, *see id.* at 86.  On the contrary, an email dated May 7, 2015, indicates that Office Depot initially was considering either "coaching" or a "written warning" to address allegations about Kozak's drinking.  *See* Docket Item 156-1 at 176.

[5] Although Kozak's calling her coworkers incessantly *could have been* an independent reason to terminate her, there is no indication from the record that this alone would have resulted in her termination.

Item 187 at 57-58.  Rule 56(d) provides that a motion for summary judgment may be deferred or denied if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d). A party seeking additional discovery under this rule "must file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir. 1989).

This Court agrees with Judge McCarthy that Kozak has failed to meet her burden here.  In particular, with regard to documents concerning Office Depot's reduction in force, "Kozak's counsel offers no reason why she did not earlier seek—during the previous *seven years* the case had been pending—to compel [production of]  these documents, which she now argues are central to her case, particularly when she knew of the existence of some reduction in work force plan by Office Depot since the 2016 New York State Case Division of Human Rights investigation."  *See* Docket Item 187 at 58-59 (emphasis added).  Simply put, the time to raise these issues has come and gone.

Thus, this Court adopts Judge McCarthy's recommendation to deny additional discovery under Rule 56(d).

## CONCLUSION

For the reasons stated above and in the R&R, Office Depot's motion to strike, Docket Item 169, is DENIED, and its motion for summary judgment, Docket Item 156, is GRANTED IN PART and DENIED IN PART.  More specifically, the motion for summary judgment is granted as to Kozak's age and disability discrimination claims but denied as to her hostile work environment, sex discrimination, and retaliation claims.  Kozak's request for additional discovery is DENIED.  This Court will schedule a status conference to set a trial date.

SO ORDERED.

Dated:        March 25, 2025
              Buffalo, New York


                              /s/ Lawrence J. Vilardo
                              LAWRENCE J. VILARDO
                              UNITED STATES DISTRICT JUDGE