UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOANN R. KOZAK,

        Plaintiff,

  v.                                                                                              16-CV-943-LJV-JJM
                                                                                                        DECISION & ORDER
OFFICE DEPOT, INC.,

        Defendant.
_____


On March 25, 2025, this Court issued a decision and order granting in part and denying in part a motion for summary judgment filed by the defendant, Office Depot, LLC ("Office Depot").[1] Docket Item 200. That decision adopted in part the Report and Recommendation ("R&R") issued by United States Magistrate Judge Jeremiah J. McCarthy. *See id*; Docket Item 187. More specifically, this Court agreed with Judge McCarthy that summary judgment should be denied as to the plaintiff's hostile work environment claim and granted as to her age and disability discrimination claims.[2] *See* Docket Item 200 at 3-6.[3] But the Court respectfully disagreed with Judge McCarthy's conclusion regarding the plaintiff's claims of sex discrimination and retaliation and denied summary judgment as to those claims. *See id.* at 6-13.

---

[1] Office Depot recently informed the Court that it "is now Office Depot, LLC." Docket Item 202-2 at 2 n.1.

[2] This Court also agreed with and adopted Judge McCarthy's decision that the plaintiff's request for additional discovery should be denied. *See* Docket Item 200 at 13-14.

[3] Page numbers in docket citations refer to ECF pagination.

Following this Court's decision, Office Depot moved for reconsideration. Docket Item 202. After the plaintiff, Joann Kozak, responded, Docket Item 204, the Court heard oral argument and denied Office Depot's motion from the bench, see Docket Item 205. This decision and order further explains the reasons for that decision.

## LEGAL PRINCIPLES

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019). Thus, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id*.

## DISCUSSION[4]

Office Depot seeks reconsideration of this Court's denial of summary judgment on Kozak's claims of "gender discrimination and retaliation." Docket Item 202-2 at 2. More specifically, Office Depot contends that this Court "misapprehended several critical points, which, when viewed in their correct legal context, conclusively

---

[4] The Court assumes the reader's familiarity with the factual background of this case; Judge McCarthy's analysis in the R&R, Docket Item 187; and this Court's analysis in its prior decision and order, Docket Item 200.

demonstrate that Office Depot is entitled to summary judgment on these two claims." *Id.*

According to Office Depot, "there is no actual *evidence* that Director of Field Employee Relations, Mary Bryan[,] acted with animus based on [Kozak]'s gender or protected conduct." *Id.* at 3. "[I]nstead," Office Depot says, "the evidence reflects that Bryan reached the termination decision based on the evidence gathered in her investigation, including accusations made by another employee, Carol Cannon, who also lacked any alleged discriminatory or retaliatory animus." *Id.* Additionally, Office Depot argues, "the record evidence reflects that [Kozak] did not even make a complaint of sexual harassment until *after* her termination." *Id.* Therefore, Office Depot concludes, "[t]he Court's plausible inference of causation is . . . actually an unsupported assumption, as it is based on the unsupported allegations which were wholly refuted by substantiated material facts that *[Kozak] does not dispute*." *Id.*

Office Depot's arguments fail to consider the facts found by Judge McCarthy—findings that neither side objected to—in the light most favorable to Kozak. Because this Court must do just that on a motion for summary judgment, Office Depot misapprehends those critical facts in the appropriate legal context.

In his R&R, Judge McCarthy found that the evaluations of Kozak by her supervisor, Scott McGovern, as well as "McGovern's conduct toward [Kozak] . . . , changed abruptly after [McGovern] told Kozak that he liked her but she did not reciprocate." Docket Item 187 at 53. "Giving Kozak every favorable inference," Judge McCarthy found, "a juror could reasonably conclude that McGovern then took steps . . . to lay a foundation for a possible termination, demotion, or other adverse employment

action against Kozak." *Id.*  And viewing those facts in the light most favorable to Kozak, McGovern's plan ultimately worked:  It culminated in the May 27, 2015, incident that resulted in Kozak's termination.  *See id.* (noting that "McGovern was a participant in the May 27, 2015[,] incident that triggered the chain of events leading to Kozak's termination").

Office Depot insists that Kozak was terminated not because she rejected McGovern's advances but because she lied about the May 2015 incident with McGovern.  *See, e.g.*, Docket Item 202-2 at 19-20.  Of course, that may be correct.  But a reasonable juror might well find that McGovern set Kozak up and that his fellow supervisors at Office Depot—including Bryan, the Human Resources Director who decided to fire Kozak—were in on the plan.  Those inferences, drawn in Kozak's favor as they must be now, are far from a stretch.

Office Depot also claims that Kozak never complained about McGovern's romantic overtures before she was fired and argues that the sexual harassment therefore could not possibly have been related to her firing.  *See id.* at 9-13.  But Kozak reported the May 2015 incident to the police and to Office Depot's Human Resources Department.  *See* Docket Item 187 at 11-12.  And, as Judge McCarthy observed, "[a]lthough Kozak did not expressly complain of any of the alleged touching incidents. . . , she broadly complained of experiencing a hostile work environment because of her sex and tied it to the May 27[th] incident, conduct allegedly part of McGovern's sexual harassment." *Id.* at 36.  Thus, as Judge McCarthy found, "a reasonable juror could conclude that Kozak availed herself of Office Depot's complaint procedure for at least some of McGovern's allegedly sexually harassing conduct." *Id.*

4

What is more, Kozak says that the investigation that Bryan conducted was woefully inadequate. *See, e.g.*, Docket Item 204-1 at 20-22. Among other things, Kozak says that McGovern was never interviewed, which was contrary to Office Depot's "normal investigation procedures." *Id.*; *see, e.g.*, Docket Item 159-11 at 60-64; Docket Item 159-13 at 48. And, Kozak says, when she "attempted to tell Bryan about McGovern's sexually harassing conduct during their June 8, 2015[,] conversation, . . . Bryan did not allow Kozak to interject and tell her the details of what happened on May 27, 2015[,] and prior occasions." Docket Item 204-1 at 14 (alteration, citation, and internal quotation marks omitted). So according to Kozak, Bryan gave short shrift to what Kozak had to say and railroaded a decision without investigating the facts.

Moreover, as Kozak observes, Bryan "was part of [Office Depot]'s management and received 'background' on other complaints against Kozak[,] which McGovern set in motion prior to Bryan's investigation." *Id.* at 22. Thus, it is far from clear that Bryan reached her conclusion that Kozak had lied about what happened with McGovern in a vacuum, free from McGovern's influence, as Office Depot claims.

Finally, Office Depot posits that Kozak did "not offer anything more than her own self-serving, unsubstantiated statements in response" to Office Depot's motion, suggesting that this Court should discount that self-serving evidence. *See* Docket Item 202-2 at 15. But the Second Circuit very recently reversed a district court's grant of summary judgment on an employment discrimination claim because the district court had erroneously "discounted [the plaintiff]'s sworn statements for being 'self-serving.'" *Knox v. CRC Mgmt. Co.*, 134 F.4th 39, 49 (2d Cir. 2025). The Second Circuit explained that "[t]o hold . . . that the nonmovant's allegations of fact are (because 'self-serving')

5

insufficient to fend off summary judgment would be to thrust the courts—at an inappropriate stage—into an adjudication of the merits." *Id.* (alterations in original) (quoting *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 57 (2d Cir. 1998)).

Viewing all the evidence in the light most favorable to Kozak, and drawing all inferences in her favor as well, Kozak's statements about what happened between her and McGovern and the "sham" investigation that followed are sufficient to defeat summary judgment. Whether those statements are credible and those inferences warranted are questions for another day.

## **CONCLUSION**

For the reasons stated above, Office Depot's motion for reconsideration, Docket Item 202, is DENIED.

SO ORDERED.

Dated:    May 16, 2025
            Buffalo, New York

                                    */s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE