UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOANN R. KOZAK,

                            Plaintiff,

v.

OFFICE DEPOT, INC.,

                            Defendant.
_____

**DECISION AND ORDER**

Case No. 1:16-cv-0943-JLV-JJM

        Before the court is plaintiff Joann Kozak's motion [237][1] seeking to compel defendant Office Depot, Inc. to provide supplemental discovery. Having considered the parties' submissions [237, 241, 247], I denied the motion at the conclusion of oral argument on February 19, 2026 [248]. My reasons are summarized herein.

**DISCUSSION**

        This case is over nine years old. At a conference on May 23, 2025 the parties advised District Judge Lawrence J. Vilardo that they were "ready to set a trial date", and he scheduled jury selection for September 21, 2026. [209]. The minute entry for that conference did not indicate that any further discovery was contemplated.

        On July 30, 2025 Judge Vilardo rescheduled jury selection for May 4, 2026, and directed Office Depot "to produce any discovery within 30 days without prejudice to request an extension if needed". [211]. On August 29, 2025 Office Depot requested "an additional thirty

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination. What further discovery was contemplated.

(30) days - to September 29, 2025 - to provide to Plaintiff any supplemental document production". [212-1], ¶5. Judge Vilardo granted the extension. [213]. On October 8, 2025, Kozak requested a court conference, claiming that Office Depot's document supplementation was inadequate. [214]. That same day, Judge Vilardo referred the case back to me for supervision of pretrial proceedings. [215].

On October 31, 2025, he entered a Pretrial Order which, *inter alia*, requires Kozak to disclose the identity of any expert witness and a "brief summary of the qualifications and expected testimony" of each expert on or before March 30, 2026. [223] at 7. I held multiple conferences with the parties concerning documents that Kozak claimed were still outstanding [218, 227, 233], and she filed this motion to compel on January 26, 2026 [237].

She seeks to compel Office Depot to supplement its production of personnel files and documents "for all management employees of defendant in District 217 . . . whether it is related to damages, liability, defenses, or should otherwise be relevant". [237-18] at 15. She also seeks supplementation of supporting documentation for "movement reports" (*i.e.* an internal report showing changes to an employee's status, such as promotion, raises, or bonuses) already provided to her concerning at least 36 employees (id. at 15-16), "manuals, handbooks, policies, procedures . . . or other written materials" related to 111 topics, many of which appear unrelated to damages calculations (id. at 18-19), and training records of "any Office Depot employees regarding" multiple topics (id. at 21).

In response, Office Depot states that it produced in October 2025 supplemental documentation on the following topics:

    a) Personnel records for approximately 29 employees through the conclusion of discovery;

      b) Documents showing benefits offered to employees from the date of its last production to the present, including the cost of those benefits;

      c) Records of training received by approximately 29 employees through the conclusion of discovery; and

      d) Pay records for "store managers and assistant managers in Office Depot's District 217 through October 2025".

[241] at 9.

      In addition, Office Depot's counsel stated at oral argument[2] that Office Depot has provided pay records for store managers and assistant managers in the relevant district, including for many individuals that are still working as store managers today, in a consistent format from the time of its initial production through the time of its most recent supplemental production. She also stated that Office Depot has provided the records that Kozak requested in the format that it maintains them, and its human resources representative has confirmed this in a declaration submitted to the court. *See* Declaration of Mary Bryan [114-1]. She confirmed that Office Depot is not withholding records, but is trying to comply with its obligations under the Federal Rules and the court's orders and to produce information relevant to Kozak's potential damages.

      This information appears to me sufficient for plaintiff's economist to prepare damages calculations for trial. Under the circumstances of this case – *i.e.* extensive discovery with numerous motions to compel over approximately ten years, the parties' representation in May 2025 that that they were ready for trial, Office Depot's good faith efforts to comply with its obligation to provide Kozak with the information she needs to calculate damages, Kozak's

---

[2]    *See* Recording of February 19, 2026 oral argument, time stamp 11:25:12 – 11:29:02.

imminent deadline to disclose her experts, and a May 2026 trial date – Kozak's motion to compel additional discovery is denied. Should her expert feel that the information available to him or her is deficient in some respect, he or she may note that in his or her opinion.

## CONCLUSION

For these reasons, Kozak's motion to compel [237] is denied.

SO ORDERED.

Dated: February 23, 2026

                                          /s/   Jeremiah J. McCarthy  
                                            JEREMIAH J. MCCARTHY  
                                            United States Magistrate Judge